Kelly Suzanne MONTOYA, Appellant,

v.

The STATE of Texas, State.

No. 2–90–099–CR.

Court of Appeals of Texas, Fort Worth.

May 29, 1992.

Charles H. Roach, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Fort Worth, C. Chris Marshall, John Stride, Gregory Miller, Asst. Criminal Dist. Attys., for State.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

WEAVER, Chief Justice.

Appellant, Kelly Suzanne Montoya, appeals from the trial court's judgment revoking her probation. Appellant brings two points of error, and complains that insufficient evidence was presented to the trial court to prove her alleged violation of probation, and that there was a fatal variance between the nature of the allegation, the nature of the proof, and the trial court's finding. We affirm.

The procedural history of this case is as follows: on October 31, 1983, appellant pled guilty to the charge of manufacturing a controlled substance, less than 200 grams of amphetamines, and received a probated sentence of ten years; on September 7, 1984, the trial court granted the State's petition for revocation of the above probated sentence because of appellant's positive urine samples, and appellant was assessed seven years confinement; she then filed a motion for probation which was granted, and she was returned to probation on October 10, 1986; as a condition of probation, appellant was ordered to "abstain from use and possession of all illegal controlled substances, dangerous drugs, marijuana, and narcotics during the term of probation," and was subject to drug screening; on November 21, 1988, the State filed a petition for revocation contending that appellant "used a controlled substance to-wit: amphetamine and cannabinoid;" and finally, on March 19, 1990, the trial court revoked her probation by written judgment stating

that appellant had "committed [a] new offense by the use of a controlled substance, to-wit: amphetamine and cannabinoid."

Under appellant's first point of error, she alleges that there was insufficient evidence presented to the trial court to prove the alleged violation. She contends that State exhibits 3, 4, and 5, which portrayed positive results in tests as to the presence of prohibited drugs in appellant's urine samples in violation of the conditions of her probation, did not fall under the business records exception to the hearsay rules, and as such, were inadmissible. *See* TEX. R.CRIM.EVID. 803(6)[1]. Her main contention appears to be that some unnamed chemist actually performed some of the initial screening tests of appellant's urine samples which revealed amphetamine use. Appellant also argues that the State did not use a proper custodian of the records to introduce the test results, thereby attacking the State's predicate for introduction of the only evidence which the trial court could have considered concerning any violations of probation.

The burden of proof in a revocation proceeding is by a preponderance of the evidence. *Martin v. State*, 623 S.W.2d 391, 393 (Tex.Crim.App. [Panel Op.] 1981). Where the sufficiency of the evidence to support the trial court's order is challenged, the evidence is viewed in a light most favorable to the trial court's findings. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim.App. [Panel Op.] 1981). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Crim.App. [Panel Op.] 1980). Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion. *Barnett v. State*, 615 S.W.2d 220,

222 (Tex.Crim.App. [Panel Op.], *appeal dismissed*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981). Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of probation is sufficient to support the order of revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. [Panel Op.] 1980); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim.App. [Panel Op.] 1979). A *written order* revoking probation *controls* over an oral pronouncement of the trial judge. *Clapper v. State*, 562 S.W.2d 250, 251 (Tex. Crim.App.1978); *Aguilar v. State*, 542 S.W.2d 871, 874 (Tex.Crim.App.1976).

At the revocation of probation hearing, appellant was persistent in her effort to keep State exhibits 3, 4, and 5 out of evidence. These exhibits were contained in appellant's probation file kept by the Tarrant County Adult Probation Office. These exhibits, dated December 7, 1987, January 11, 1988, and March 2, 1988, reflect that a probation officer obtained a urine sample from appellant, and after appropriate precautions, transferred the sample to the Institute of Forensic Medicine ("IFM") laboratory[2] for analysis. The results of all three exhibits show positive for amphetamines and cannabinoids.

In the course of laying the predicate for admission of these exhibits during the hearing, the State called John Tarver ("Tarver") to the stand, the associate toxicologist at IFM. He was the supervisor of the laboratory where the urine drug screening was done. He testified concerning the basic precautionary methods used to keep samples from getting mislabeled, and further testified that, as part of his duties there, he was the custodian of the records as they pertain to appellant. However, on voir dire of Tarver, appellant elicited that

1. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, ...

unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness....

2. This toxicology lab is located at The Texas College of Osteopathic Medicine ("TCOM"), which has a contract with the Tarrant County Adult Probation Department to do testing of this kind on a regular, routine basis.

Dr. Gary Wilburn was the director of IFM, and as such was the "true custodian" of the records. At this point appellant objected to the admissibility of exhibits 3, 4, and 5. The State responded that Dr. Wilburn, given the nature of his position and duties at TCOM, necessarily had to delegate certain responsibilities which would include custodian of records of the type in dispute. On further questioning, Tarver again indicated that he was the custodian of the records.

At this point, exhibits 3, 4, and 5 were admitted over objection that Tarver was not the proper custodian of the records. Tarver continued to testify that the wording of the exhibits requested that IFM perform a comprehensive qualitative drug screening, and also screen for cannabinoids. IFM's standard operating testing procedure requires an initial screen by amino assay. If the result is positive, presence of an amphetamine-type compound is confirmed by gas-liquid chromatography. Tarver personally did the screen for cannabinoids which showed "positive" on State exhibit 3. Tarver also personally ran a "gas-liquid chromotography confirmation for amphetamines" in regard to State exhibit 4. He found that amphetamine was present in appellant's urine. His testimony reflects that there was no indication from any source whatsoever that the integrity of these exhibits was compromised in any fashion.

■ After a review of the evidence in a light most favorable to the trial court's finding, we hold that the trial court did not abuse its discretion in allowing State exhibits 3, 4, and 5 into evidence under rule 803(6). First, we cannot say that the trial court abused its discretion in impliedly finding that Tarver was proved by a preponderance of the evidence to be the proper custodian of the records for purposes of rule 803(6). His testimony twice affirmed that he was a proper custodian of the records at IFM. Second, rule 803(6) does not require the witness laying the predicate for the introduction of the records to be the crea-

tor of the records or even an employee of the same company. *Mitchell v. State*, 750 S.W.2d 378, 379 (Tex.App.—Fort Worth 1988, pet. ref'd). Also, a qualified witness need not have personal knowledge as to the contents of the records but rather he need only have personal knowledge of the mode of preparation of the records. *Id.* Weighed in this light, Tarver's testimony clearly reveals adequate personal knowledge as it pertains to the mode of preparation of the exhibits in dispute. In fact, it is clear that Tarver was involved personally with a portion of the actual testing, which results are here being attacked. Rule 803(6) provides that records can be shown by the custodian or "other qualified witness." It appears to us that Tarver, under this record, falls within the term "other qualified witness." Third, the record does not reveal any lack of trustworthiness as to the procedure of the drug screening, the results of the test, or the notations upon the report.

In her attack of Tarver's testimony under her first point, appellant directs our attention to *Cole v. State*, No. 1179–87 (Tex.Crim.App., Nov. 14, 1990) (State's motion for reh'g granted)[3], for the proposition that the findings of a test-performing chemist can not be introduced through the testimony of another chemist. *Cole* is distinguishable from the instant case on several grounds.

In *Cole*, the sole issue was whether the trial court correctly admitted hearsay evidence concerning the results of chemical tests performed by an absent Department of Public Safety chemist in a full-blown criminal trial (defendant accused of aggravated sexual assault). Slip op. at 1. The State sought to introduce hearsay statements in a report made by the absent chemist by way of another chemist in the same department who apparently did none of the testing. *Id.* The issues in that case spilled over into whether that testimony was in contravention of rule 803(8)(B) which prohibits as hearsay "matters observed by police officers and other law

3. We note that *Cole* is not yet final and is not presently a part of the jurisprudence of this state. *See Yeager v. State*, 727 S.W.2d 280, 281 n. 1 (Tex.Crim.App.1987).

enforcement personnel," which in turn led to the more precise issue in that case: whether hearsay evidence which does not qualify as an exception under rule 803(8) may nevertheless qualify under rule 803(6) as a business records exception. Slip op. at 10.

The instant case is a probation revocation hearing, which is not an adversarial proceeding, a civil action, or a criminal prosecution, but is administrative in nature, i.e., a means of protecting society and rehabilitating lawbreakers. *See Hill v. State*, 480 S.W.2d 200, 202–03 (Tex.Crim.App.1971) (opinion on reh'g), *cert. denied*, 409 U.S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (1972). The person testifying in our case, Tarver (who we have already determined for purposes of this case to be the proper custodian of the records), actually performed some of the testing and was available for cross-examination. Additionally, rule 803(8) issues concerning "other law enforcement personnel" were not seriously disputed at the trial court level, and rightfully so considering the major difference between Tarver's position in regard to law enforcement responsibilities and a Department of Public Safety chemist. Appellant's first point of error is overruled.

In appellant's second point of error, she complains that the trial court abused its discretion in revoking her probation because there exists a fatal variance between the nature of the allegation, the nature of the proof, and the trial court's finding as it applied to the alleged violation on which revocation was based. Earlier in this opinion, we have set out the allegations against appellant in the State's petition for revocation and the written judgment revoking probation, which substantially track each other. Any reliance by appellant upon oral findings from the bench in conflict with the written findings is without merit. *Clapper*, 562 S.W.2d at 251. We hold that there was not such a variance between the allegations and proof as to be fatal under the circumstances of this case for the following reasons.

Allegations of a revocation motion need not meet the requirements of an indictment; it is enough that such pleadings give the probationer fair notice of the allegations against him so that he may prepare a defense. *Ablon v. State*, 537 S.W.2d 267, 269 (Tex.Crim.App.1976). We additionally note that in a revocation hearing, being administrative in nature, procedural and evidentiary requirements are not enforced as strictly as they would be in a criminal trial. *Bradley v. State*, 564 S.W.2d 727, 729 (Tex.Crim.App.1978), *aff'd after abatement*, 608 S.W.2d 652 (Tex. Crim.App.1980). Thus, we reject appellant's argument that, since the State alleged appellant's violation of probation in the conjunctive, i.e., her use of "amphetamine and canabinoid," the State was required to prove by a preponderance of the evidence that appellant used a single substance by the name of "amphetamine and cannabinoid." Appellant was aware of the condition placed upon her to abstain from illegal controlled substances, dangerous drugs, marijuana, and narcotics during her probation. Allegations in the State's petition for revocation mention amphetamine and/or cannabinoid at various dates that match up with the three exhibits mentioned in appellant's first point that were introduced into evidence. We find that appellant had fair notice of the allegations against her, understood what they meant, and was not prejudiced by the conjunctive allegation. We also reject appellant's argument complaining, in effect, of any substitution of "cannabinoid" for "marijuana." We find, as the trial court apparently determined, that cannabinoid is marijuana as that unambiguous term is commonly used. We additionally note that Tarver testified, without objection by appellant, that "cannabinoid is marijuana." Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.