COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-136-CR
 
SANDRA ELAINE WRIGHT                                                                        APPELLANT
V.
THE STATE OF TEXAS                                                                               
STATE
------------
FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Sandra Elaine Wright
appeals from a conviction for burglary of a habitation. Counsel on appeal has
filed an Anders brief asserting that there are no grounds that could be
argued successfully on appeal. See Anders v. California, 386 U.S. 738,
87 S. Ct. 1396 (1967).
On January 3, 2001, appellant
pleaded guilty to the offense of burglary of a habitation. The trial court
assessed punishment at six years' confinement and a $500 fine, but suspended
imposition of the sentence and placed her on community supervision for six
years. Subsequently, the State filed a motion to revoke, alleging appellant had
violated certain conditions of her community supervision by committing a new
offense (theft of services), failing to pay community supervision fees, and
failing to complete community service. On March 22, 2002, pursuant to a plea
bargain agreement, the State withdrew the allegation concerning the new offense
of theft of services, appellant pleaded true to the two remaining allegations,
and the State recommended three years' confinement. The trial court revoked
appellant's community supervision and assessed punishment at three years'
confinement. Following the revocation proceeding, appellant filed a general
notice of appeal.
Appellant's court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of the motion. In the brief, counsel avers that, in his professional
opinion, this appeal is frivolous. Counsel's brief and motion meet the
requirements of Anders v. California by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief. This court provided appellant the opportunity to file a pro se brief,
and she did not file a brief.
Once appellant's court-appointed
counsel files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the Anders requirements, this court is obligated to
undertake an independent examination of the record and to essentially rebrief
the case for appellant to see is there is any arguable ground that may be raised
on appellant's behalf. Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991).
The State's burden of proof in a
revocation proceeding is by a preponderance of the evidence. Cobb v. State,
851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Where the legal sufficiency of the
evidence to support the trial court's order is challenged, we review the
evidence in the light most favorable to the trial court's findings. Jackson
v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). The trial court is
the sole judge of the credibility of the witnesses and the weight to be given
their testimony. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
[Panel Op.] 1981); Montoya v. State, 832 S.W.2d 138, 140 (Tex.
App.--Fort Worth 1992, no pet.).
Appellate review of an order
revoking community supervision is limited to a determination of whether the
trial court abused its discretion. Jackson, 645 S.W.2d at 305. Where
the State has failed to meet its burden of proof, the trial court abuses its
discretion in issuing an order to revoke community supervision. Cardona v.
State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984). A plea of true,
standing alone, is sufficient to support the revocation of community
supervision. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel
Op.] 1979).
The trial court had jurisdiction
over this case. Tex. Code Crim. Proc. Ann. art. 42.12, § 10(a) (Vernon Supp.
2003). Appellant was properly admonished concerning the range of punishment, her
plea was voluntary, and the sentence assessed by the trial court is within the
statutorily permissible range. See Tex. Penal Code Ann. §§ 12.33,
30.02 (Vernon 2003). There is no evidence in the record indicating that
appellant's trial counsel did not provide constitutionally required effective
assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687,
104 S. Ct. 2052, 2064 (1984).
After independently reviewing the
record, we agree with appellate counsel's determination that any appeal from
this case would be frivolous. Accordingly, we grant appellate counsel's motion
to withdraw and affirm the trial court's judgment.
 
  
                                                                    PER
CURIAM
 
PANEL F: GARDNER, DAUPHINOT, and
HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.