SANDRA ELAINE WRIGHT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-136-CR

SANDRA ELAINE WRIGHT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Sandra Elaine Wright appeals from a conviction for burglary of a habitation.  Counsel on appeal has filed an 
Anders 
brief asserting that there are no grounds that could be argued successfully on appeal.  
See Anders v. California, 
386 U.S. 738, 87 S. Ct. 1396 (1967). 

On January 3, 2001, appellant pleaded guilty to the offense of burglary of a habitation.  The trial court assessed punishment at six years’ confinement and a $500 fine, but suspended imposition of the sentence and placed her on  community supervision for six years.  Subsequently, the State filed a motion to revoke, alleging appellant had violated certain conditions of her community supervision by committing a new offense (theft of services), failing to pay community supervision fees, and failing to complete community service.  On March 22, 2002, pursuant to a plea bargain agreement, the State withdrew the allegation concerning the new offense of theft of services, appellant pleaded true to the two remaining allegations, and the State recommended three years’ confinement.  The trial court revoked appellant’s community supervision and assessed punishment at three years’ confinement.  Following the revocation proceeding, appellant filed a general notice of appeal.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of the motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California 
by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court provided appellant the opportunity to file a pro se brief, and she did not file a brief.

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the 
Anders 
requirements, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see is there is any arguable ground that may be raised on appellant’s behalf.  
Stafford v. State, 
813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

The State’s burden of proof in a revocation proceeding is by a preponderance of the evidence.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  Where the legal sufficiency of the evidence to support the trial court’s order is challenged, we review the evidence in the light most favorable to the trial court’s findings.  
Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. 
 Garrett v. State
, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); 
Montoya v. State
, 832 S.W.2d 138, 140 (Tex. App.—Fort Worth 1992, no pet.).

Appellate review of an order revoking community supervision is limited to a determination of whether the trial court abused its discretion. 
 Jackson
, 645 S.W.2d at 305.  Where the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an order to revoke community supervision. 
 Cardona v. State
, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).  
A plea of true, standing alone, is sufficient to support the revocation of community supervision. 
 Cole v. State
, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

The trial court had jurisdiction over this case.  
 Tex. Code Crim. Proc. Ann.
 art. 42.12, § 10(a) (Vernon Supp. 2003).  Appellant was properly admonished concerning the range of punishment, her plea was voluntary, and the sentence assessed by the trial court is within the statutorily permissible range.  
See 
Tex. Penal Code Ann.
 §§ 12.33, 30.02 (Vernon 2003).  There is no evidence in the record indicating that appellant’s trial counsel did not provide constitutionally required effective assistance of counsel.  
See Strickland v. Washington, 
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: March 27, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.