COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-009-CR

 

 

SIR CEDRIC JONES                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

Appellant Sir Cedric Jones
appeals the trial court=s judgment
revoking his community supervision and sentencing him to ten years in
prison.  In his sole issue, appellant
complains that the judgment and sentence are void because the trial court never
found the State=s allegations
that he violated the terms of his community supervision to be true.  We affirm.








A jury convicted appellant of
robbery by threat in 1997 and sentenced him to ten years in prison, probated
for ten years.  Appellant was incarcerated
from 1997 to 2003 on another robbery conviction and had been on community
supervision since his release.  The State
sought to revoke appellant=s community supervision, alleging six violations.[2]  Appellant pleaded true to several of the
allegations.  After hearing evidence and
argument, the trial court orally sentenced appellant to ten years in prison and
explained his right to appeal, but it did not state on the record which grounds
it found to be true.  The written
judgment revoking probation, however, shows that the trial court found all six
of the State=s grounds to be true.  The judgment lists the six grounds and
recites that A[appellant] violated the terms and
conditions of such probation in the manner set forth above as grounds for
revocation.@   








A void judgment is one that is illegal or rendered by a
court lacking jurisdiction.[3]  A judgment is void only in very rare
situations, such as where a trial court lacks subject matter jurisdiction over
the offense, or an indigent defendant is required to face criminal proceedings
without appointed counsel when that right has not been waived.[4]  A sentence is void if a punishment is
unauthorized by law or not within the applicable range of punishment for the
offense.[5]








The statute and case law governing probation revocation
proceedings does not require a trial court to orally pronounce its findings in
support of revocation.[6]  Therefore,
the trial court in this case did not err in failing to state on the record
which grounds for revoking appellant=s probation it found to be true. 
Further, appellant=s sentence
is well within the applicable range of punishment for his offense.[7]  We, therefore, hold that the trial court=s actions in this case were not illegal and did not deprive it of
jurisdiction.[8]  Since the record does not clearly show a
fundamental defect, neither the judgment revoking probation nor the sentence is
void.

        Appellant cites Coffey v. State for
the proposition that, where a variation exists, the oral pronouncement of the
sentence controls over a written sentence in a probation revocation proceeding.[9]  Coffey, however, is
distinguishable.  The appellant in Coffey
complained that a fine was included in the written judgment but not pronounced
orally.[10]  The Texas Court of Criminal Appeals held that
the oral pronouncement of sentence without the fine controlled.[11]  








In this case, appellant does
not complain that all or part of his sentence was not pronounced orally.  Rather, he claims the judgment and sentence
are void because the trial court=s finding of true was not expressly stated on the record.  Coffey does not require a trial court
to state a finding of true on the record when revoking probation. 

For these reasons, we conclude that neither the judgment
revoking appellant=s probation nor his sentence is void
merely because the trial court did not orally pronounce on the record which
grounds it found to be true. 
Accordingly, we overrule appellant=s sole issue and
affirm the trial court=s judgment.

 

PER CURIAM

PANEL F: 
CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

DELIVERED: 
August 9, 2007        

 











[1]See Tex. R. App. P. 47.4.





[2]The
State claimed appellant drove on a suspended license, tested positive for
marijuana, failed to attend a chemical dependency program as ordered, failed to
report to his probation officer on numerous occasions, and failed to submit a
urine specimen.





[3]Nix
v. State, 65 S.W.3d 664, 667B68
(Tex. Crim. App. 2001); Ex parte Seidel, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001).





[4]Nix, 65
S.W.3d at 668.





[5]Speth
v. State, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999), cert.
denied, 120 S. Ct. 1720 (2000); Levy v. State, 818 S.W.2d 801, 802
(Tex. Crim. App. 1991).





[6]See Tex. Code Crim. Proc. Ann. art.
42.12, '' 21,
23 (Vernon 2006) (setting forth procedures in probation revocation hearings
with no requirement that findings be pronounced by trial court); see also
Ruedas v. State, 586 S.W.2d 520, 523 (Tex. Crim. App. [Panel Op.] 1979)
(noting that due process in probation revocation proceeding requires a written
statement containing the judge=s reasons for revoking
probation); Weed v. State, 891 S.W.2d 22, 24 n.4 (Tex. App.CFort
Worth 1995, no pet.) (same); cf. Villela v. State, 564 S.W.2d 750, 751
(Tex. Crim. App. [Panel Op.] 1978) (holding absence of express oral
pronouncement of guilt did not render written judgment void); Garner v.
State, 858 S.W.2d 656, 659B60 (Tex. App.CFort
Worth 1993, pet. ref=d)
(noting no error where trial court failed to orally read enhancement paragraphs
and find them to be true or false on the record).  See generally Montoya v. State, 832 S.W.2d
138, 142 (Tex. App.CFort
Worth 1992, no pet.) (noting procedural requirements are relaxed in a probation
revocation proceeding).





[7]Robbery by threat is a
second-degree felony, punishable by two to twenty years in prison and a fine
not to exceed ten thousand dollars.  Tex. Penal Code Ann. ''
12.33, 29.02 (Vernon 2003). 





[8]Hubbard
v. State, No. 03-97-00250-CR, 1998 WL 271046, at *2 (Tex.
App.CAustin
May 29, 1998, no pet.) (affirming probation revocation on a ground not
pronounced orally but included in the written judgment revoking probation); see
Nix, 65 S.W.3d at 668 (for a judgment to be void, the record must leave no question that a
fundamental defect exists).





[9]979
S.W.2d 326, 328 (Tex. Crim. App. 1998). 





[10]Id. at
327.





[11]Id. at
327B28.