COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-009-CR

SIR CEDRIC JONES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
 

Appellant Sir Cedric Jones appeals the trial court’s judgment revoking his community supervision and sentencing him to ten years in prison.  In his sole issue, appellant complains that the judgment and sentence are void because the trial court never found the State’s allegations that he violated the terms of his community supervision to be true.  We affirm.

A jury convicted appellant of robbery by threat in 1997 and sentenced him to ten years in prison, probated for ten years.  Appellant was incarcerated from 1997 to 2003 on another robbery conviction and had been on community supervision since his release.  The State sought to revoke appellant’s community supervision, alleging six violations.
(footnote: 2)  Appellant pleaded true to several of the allegations.  After hearing evidence and argument, the trial court orally sentenced appellant to ten years in prison and explained his right to appeal, but it did not state on the record which grounds it found to be true
.
  The
 written judgment revoking probation, however, shows that the trial court found all six of the State’s grounds to be true.  The judgment lists the six grounds and recites that “[appellant] violated the terms and conditions of such probation in the manner set forth above as grounds for revocation.”  
 

A void judgment is one that is illegal or rendered by a court lacking jurisdiction.
(footnote: 3)  
A judgment is void only in very rare situations, such as where a trial court lacks subject matter jurisdiction over the offense, or an indigent defendant is required to face criminal proceedings without appointed counsel when that right has not been waived.
(footnote: 4)  
A sentence is void if a punishment is unauthorized by law or not within the applicable range of punishment for the offense.
(footnote: 5)
 The statute and case law governing probation revocation proceedings does not require a trial court to orally pronounce its findings in support of revocation.
(footnote: 6)  
Therefore, the trial court in this case did not err in failing to state on the record which grounds for revoking appellant’s probation it found to be true.  Further, appellant’s sentence is well within the applicable range of punishment for his offense.
(footnote: 7)  We, therefore, hold that the trial court’s actions in this case were not illegal and did not deprive it of jurisdiction.
(footnote: 8)  
Since the record does not clearly show a fundamental defect, neither the judgment revoking probation nor the sentence is void.

   Appellant cites 
Coffey v. State
 for the proposition that, where a variation exists, the oral pronouncement of the sentence controls over a written sentence in a probation revocation proceeding.
(footnote: 9)  
Coffey
, however, is distinguishable.  The appellant in 
Coffey
 complained that a fine was included in the written judgment but not pronounced orally.
(footnote: 10)  The Texas Court of Criminal Appeals held that the oral pronouncement of sentence without the fine controlled.
(footnote: 11)  

In this case, appellant does not complain that all or part of his sentence was not pronounced orally.  Rather, he claims the judgment and sentence are void because the trial court’s finding of true was not expressly stated on the record.  
Coffey
 does not require a trial court to state a finding of true on the record when revoking probation. 

For these reasons, we conclude that neither the judgment revoking appellant’s probation nor his sentence is void merely because the trial court did not orally pronounce on the record which grounds it found to be true.  Accordingly, we overrule appellant’s sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 9, 2007 
 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The State claimed appellant drove on a suspended license, tested positive for marijuana, failed to attend a chemical dependency program as ordered, failed to report to his probation officer on numerous occasions, and failed to submit a urine specimen.

3:
Nix v. State
, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001)
; Ex parte
 
Seidel
, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001).

4:
Nix
, 65 S.W.3d at 668.

5:
Speth v. State
, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999), 
cert. denied
, 120 S. Ct. 1720 (2000); 
Levy v. State
, 818 S.W.2d 801, 802 (Tex. Crim. App. 1991).

6:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, §§ 21, 23 (Vernon 2006) (setting forth procedures in probation revocation hearings with no requirement that findings be pronounced by trial court);
 
see also Ruedas v. State
, 586 S.W.2d 520, 523 (Tex. Crim. App. [Panel Op.] 1979) (noting that due process in probation revocation proceeding requires a written statement containing the judge’s reasons for revoking probation); 
Weed v. State
, 891 S.W.2d 22, 24 n.4 (Tex. App.—Fort Worth 1995, no pet.)
 (same); 
cf. Villela v. State
, 564 S.W.2d 750, 751 (Tex. Crim. App. [Panel Op.] 1978) (holding absence of express oral pronouncement of guilt did not render written judgment void); 
Garner v. State
, 858 S.W.2d 656, 659–60 (Tex. App.—Fort Worth 1993, pet. ref’d) (noting no error where trial court failed to orally read enhancement paragraphs and find them to be true or false on the record). 
 See generally Montoya v. State
, 832 S.W.2d 138, 142 (Tex. App.—Fort Worth 1992, no pet.) (noting procedural requirements are relaxed in a probation revocation proceeding).

7:
Robbery by threat is a second-degree felony, punishable by two to twenty years in prison and a fine not to exceed ten thousand dollars.  
Tex. Penal Code Ann.
 §§ 12.33, 29.02 (Vernon 2003).
 

8:
Hubbard v. State
, No. 03-97-00250-CR, 1998 WL 271046, at *2 (Tex. App.—Austin May 29, 1998, no pet.) (affirming probation revocation on a ground not pronounced orally but included in the written judgment revoking probation); 
see Nix
, 65 S.W.3d at 668 
(for a judgment to be void, the record must leave no question that a fundamental defect exists).

9:
979 S.W.2d 326, 328 (Tex. Crim. App. 1998). 

10:
Id.
 at 327.

11:
Id
. at 327–28.