In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00066-CR

                                                ______________________________

 

 

                                         MARVIN YASTER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 3rd Judicial District Court

                                                          Anderson
County, Texas

                                                            Trial
Court No. 29591

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Marvin
Yaster pled guilty to aggravated assault of Carol Beningo with a deadly weapon
and received deferred adjudication community supervision for a period of five
years.[1]  Under the first condition of community
supervision, Yaster was instructed not to commit an offense “against the laws
of this State.”  The State moved to
revoke community supervision and proceed with adjudication of guilt alleging,
among other violations, that Yaster failed to comply with the first ground of
community supervision by committing family violence assault causing bodily
injury to Beningo and interfering with her ability to place an emergency 9-1-1 telephone
call.  After a hearing, the trial court
adjudicated Yaster’s guilt for aggravated assault with a deadly weapon,
sentenced him to ten years’ imprisonment, and ordered him to pay a $1,000.00
fine.[2]    

            Yaster
complains that:  (1) the trial court’s
judgment incorrectly reflects his plea of “not true” to allegations contained
within the motion to adjudicate; (2) the trial court’s judgment fails to list
the ground upon which community supervision was revoked; (3) the evidence was
insufficient to revoke community supervision; and (4) the trial court erred in
failing to conduct a punishment hearing after adjudication of guilt.  We affirm the trial court’s judgment, as
modified.  

 

 

 

I.         Trial
Court’s Written Order Referenced a Ground for Revocation of Community     Supervision

 

            We first
address Yaster’s complaint that the trial court erred in failing to specify the
ground upon which it revoked community supervision and proceeded to adjudication.  The transcript of the hearing reveals that
the trial judge did not orally pronounce the condition of community supervision
violated.  The trial judge made only the
following statement:  “I’m going to grant
the State’s Motion to Adjudicate.  The
prior order of this Court granting him probation is hereby revoked.  I hereby find and adjudge him guilty as
charged of the offense of aggravated assault with a deadly weapon.”  

            Because this
type of hearing is administrative in nature, procedural and evidentiary
requirements are not enforced as strictly as they would be in a criminal trial.
 Montoya
v. State, 832 S.W.2d 138, 142 (Tex. App.—Fort Worth 1992, no pet.) (citing Bradley v. State, 564 S.W.2d 727, 729
(Tex. Crim. App. 1978), aff’d after
abatement, 608 S.W.2d 652 (Tex. Crim. App. 1980)).  Statutes governing proceedings upon a motion
to revoke community supervision and proceed to adjudication do not require a
trial court to orally pronounce its findings in support thereof, and Yaster
does not argue that an oral pronouncement was required.  Tex.
Code Crim. Proc. Ann. art. 42.12, §§ 5(b), 21, 23 (Vernon Supp. 2010).  

            Instead,
Yaster points to the transcript in support of his contention that “none of the
four judgments signed by the trial court judge state any ground or grounds upon
which the Appellant’s community supervision was revoked.”  However, the written judgment contains the
following: “Defendant violated the terms and conditions of community
supervision as set out in the State’s ORIGINAL Motion to Adjudicate Guilt as
follows: 1.”  The number 1
corresponds with paragraph 1 of the “Motion to Proceed With Adjudication of
Guilt and Sentence.”  Thus, the trial
court found Yaster violated the first condition that he refrain from violating
any law as alleged in the motion to adjudicate. 
We find Yaster’s first point of error without merit.  

II.       Trial Court’s Revocation Was Based on
Sufficient Evidence

 

            Next, Yaster
complains that the evidence was insufficient for the trial judge to find that he
violated a condition of community supervision.  The determination of an adjudication of guilt
is reviewable in the same manner as that used to determine whether sufficient
evidence supported the trial court’s decision to revoke community supervision.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b).  While the decision to revoke
community supervision rests within the discretion of the trial court, it is not
absolute.  In re T.R.S., 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no
pet.).  To revoke community supervision,
the State must prove every element of at least one ground for revocation by a
preponderance of the evidence.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 10 (Vernon Supp. 2010); T.R.S., 115
S.W.3d at 320; Johnson v. State, 943 S.W.2d
83, 85 (Tex. App.—Houston [1st Dist.] 1997, no pet.).  “‘Preponderance of the evidence’ has been
defined as the greater weight and degree of credible testimony.”  T.R.S.,
115 S.W.3d at 320.  

            In a
revocation hearing, the trial judge is the sole trier of the facts and
determines the credibility of the witnesses and the weight to be given to the
testimony.  T.R.S., 115 S.W.3d at 321; Lee
v. State, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.); Johnson, 943 S.W.2d at 85.  Considering the unique nature of a revocation
hearing and the trial court’s broad discretion in the proceedings, the general
standards for reviewing sufficiency do not apply.  Pierce
v. State, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. denied).  Instead, we review the trial court’s decision
regarding community supervision revocation for an abuse of discretion and
examine the evidence in a light most favorable to the trial court’s order.   T.R.S.,
115 S.W.3d at 321 (citing Garrett v.
State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)); Pierce, 113 S.W.3d at 436.  If
the greater weight of credible evidence creates a reasonable belief Yaster has
violated a condition of his community supervision, the trial court did not
abuse its discretion and its order must be upheld.  Pierce,
113 S.W.3d at 436 (citing Scamardo v.
State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).  If the State’s proof is sufficient to prove
any one of the alleged community supervision violations, the revocation should
be affirmed.  T.R.S., 115 S.W.3d at 321 (citing Stevens v. State, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995,
pet. ref’d)).

            Yaster
committed the offense of assault if he intentionally, knowingly, or recklessly
caused Beningo, a member of the same household, bodily injury.  Tex.
Penal Code Ann. § 22.01(a)(1) (Vernon Supp. 2010); Tex. Fam. Code Ann. § 71.004 (Vernon
2008).  He committed the offense of
interference with an emergency telephone call if he knowingly prevented or
interfered with Beningo’s ability to place a 9-1-1 emergency call.  Tex.
Penal Code Ann. § 42.062(a) (Vernon Supp. 2010).  An emergency under this section “means a
condition or circumstance in which any individual is or is reasonably believed
by the individual making a telephone call to be in fear of imminent assault or
in which property is or is reasonably believed by the individual making the
telephone call to be in imminent danger of damage or destruction.”  Tex.
Penal Code Ann. § 42.062(d) (Vernon Supp. 2010).  

            The trial
court heard the following evidence: 
Officer Michael Mitchell was called to a residence where Yaster and
Beningo cohabitated.  He testified that
upon his arrival, a nervous, upset, and frightened “Beningo was standing on her
front porch . . . She advised me that her and Marvin had been in a verbal altercation.  When she advised him she was going to call
9-1-1, he tackled her and caused her to strike her head on the floor,” knocking
the telephone from her hand.  

            Beningo
testified, “[W]e got in an argument.  And
I went to call 9-1-1, and when I did, he pushed me.  And when he pushed me, I fell down, and the
phone went flying.”  Beningo claimed that
they both had been drinking and that even though she hit her head on the floor
after being pushed, it only “hurt for a minute or two.”  She clarified that the argument was verbal
and that Yaster “didn’t hit me or anything,” statements confirmed by the
dispatch audio recording.  

            The
recording transcript demonstrated a struggle, Yaster’s threats to throw Beningo
“across the room,” Beningo’s realization that the 9-1-1 dispatcher was on the telephone,
her pronouncement to Yaster that “[y]ou’re going to jail tonight for assault,”
and her statement to the dispatcher that “Marvin hit me.”  She told the dispatcher, “He pushed me down
on the floor because I told him to get me—my stuff out of the computer.  He put something in there today that’s
suppose [sic] to give my computer a virus.”[3]  “[H]e says it’s going to mess my computer up.”
Beningo explained, “I didn’t even know that call went through, . . . .because
he yanked the phone . . . .[and] [i]t broke.” 
  

            The trial
court, acting as fact-finder, could have determined the evidence demonstrated
that Yaster pushed Beningo and caused her to hit her head, and/or that Yaster
interfered with Beningo’s ability to place an emergency 9-1-1 telephone call,
based upon the belief that her computer was being destroyed, and her fear of
imminent assault by pushing her and breaking the telephone.  Viewing the evidence in a light most
favorable to the trial court’s order, we conclude the trial court did not abuse
its discretion in finding either assault causing bodily injury to Beningo,
and/or interference with an emergency telephone call by a preponderance of the
evidence.  

III.      Trial Court Afforded Opportunity to Present
Mitigating Evidence on Punishment

 

            Next,
Yaster complains that the trial court failed to conduct a punishment hearing
after adjudicating guilt.   Section 23(a)
of Article 42.12 of the Texas Code of Criminal Procedure states that “[i]f
community supervision is revoked after a hearing under Section 21 of this
article, the judge may proceed to dispose of the case as if there had been no
community supervision.”  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 23.  Thus, “when a trial court finds
that an accused has committed a violation as alleged by the State and
adjudicates a previously deferred finding of guilt, the court must then conduct
a second phase to determine punishment.” 
Issa v. State, 826 S.W.2d 159,
161 (Tex. Crim. App. 1992).  “The
defendant is entitled to a punishment hearing . . . and the trial judge must
allow the accused the opportunity to present evidence.”  Id.  

            After
adjudication, the trial court asked if there was “[a]ny objection to sentencing”
from either party, to which Yaster’s attorney replied, “No objection.”  He also stated there was no reason the court
should not sentence Yaster “other than . . . we don’t think he’s guilty.”  The court next asked Yaster if he had “anything
[he] wish[ed] to say,” to which he replied, “I’m not guilty.”  It appears that Yaster was presented with an
opportunity to object or to provide evidence in mitigation of punishment.  At this stage, if Yaster “wanted an
opportunity to present evidence and argument on the question of punishment, it
was incumbent upon him to ask for that opportunity and to be ready to present
such evidence and argument as soon as the trial court announced its finding
that he had violated the conditions of his probation.”  Euler
v. State, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007) (reasoning that “[p]art
of being prepared for a revocation hearing is being prepared to present
evidence and argument on the question of the proper disposition in the event
that the trial court finds that the conditions of probation have been violated”).  Because Yaster did not present such evidence
when given the opportunity, error was not preserved and he may not complain of
the lack of a punishment hearing for the first time on appeal.  Tex. R. App. P. 33.1; Hardeman v. State, 1 S.W.3d 689, 690–91 (Tex. Crim. App. 1999) (when
defendant fails, after being given chance to object that no punishment hearing
was held after adjudicating guilt, error is not preserved).  We overrule this unpreserved point of
error.  

 

 

 

 

 

IV.     We
Modify Judgment to Reflect Correct Plea to State’s Allegations 

 

            Last, the
court’s original judgment and three following judgments nunc pro tunc listed
Yaster’s plea to the “motion to adjudicate” as “true.”  This was incorrect, as Yaster pled “not true”
to the allegations.  The Texas Rules of Appellate
Procedure give this Court authority to reform judgments and correct
typographical errors to make the record speak the truth.  Tex.
R. App. P. 43.2; French v. State, 830 S.W.2d 607, 609 (Tex. Crim.
App. 1992); Gray v. State, 628
S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref’d).  The State agrees that the judgment should be
modified to reflect Yaster’s plea in accordance with the record.  We hereby modify the trial court’s judgment
to reflect a plea of “not true” to the allegations in the State’s motion to
revoke community supervision and proceed with adjudication of guilt. 

V.       Conclusion 

 

            We affirm the trial court’s
judgment, as modified. 

 

 

 

 

                                                                                                Jack
Carter

                                                                                                Justice

 

Date Submitted:          November
3, 2010      

Date Decided:             November
4, 2010

 

Do Not Publish











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann. §
73.001 (Vernon 2005).  We are
unaware of any conflict between precedent of the Twelfth Court of Appeals and
that of this Court on any relevant issue. 
 See Tex. R. App. P. 41.3.

 





[2]Judgments
nunc pro tunc were entered reducing Yaster’s sentence from fifteen years’
imprisonment to ten years’ imprisonment.  






[3]Yaster
testified that he was attempting to repair the computer by ridding it of a
virus and that he did not tackle or otherwise hit Beningo.