Vernon Eugene APPLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–87–023–CR.

Court of Appeals of Texas,
Texarkana.

Dec. 22, 1987.

Ed I. Palmer, II, Sulphur Springs, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

GRANT, Justice.

Vernon Eugene Apple was found guilty of forgery by a jury on April 14, 1987. The jury assessed a mandatory life sentence under enhancement provisions. Apple was convicted of altering the amounts payable on several traveler's checks.

Apple appeals on two points, contending that the trial court erred (1) by admitting into evidence cancelled traveler's checks for which a proper predicate had not been laid and which were prejudicial because of stamped notations indicating that the amounts had been altered; and (2) in denying Apple his constitutional right to a speedy trial.

■ The State called the Regional Control Manager for Travelers Express Company to lay the predicate for admission of the traveler's checks. He identified the checks and described the methods used by the company and its agents to issue the checks and to verify that the amounts shown on the checks were correct. He further testified that the amount on these checks had been erased and that a higher figure had been inserted.

The relevant evidentiary rule states that records of a regularly conducted business activity are admissible if they were made at or near the time of the activity, recorded as part of a regularly conducted business activity, made by, or from data provided by, a person with knowledge, unless the source of information or the method of preparation indicates a lack of trustworthiness. Tex.R.Crim.Evid. 803(6).

Apple's argument is that the predicate laid by the employee of Travelers Express Company was inadequate, because the supermarket employee who actually sold the checks was only an "authorized agent" rather than an employee of Travelers Express Company. Rule 803(6), an exception to hearsay, does not require the witness laying the predicate for the introduction of the records to be the creator of the documents or even an employee of the same company. We will not engraft such a requirement onto the rule, and we find no merit to this contention.

■ Apple also contends that the checks were prejudicial to his case. The mere fact that relevant evidence is prejudicial does not create error and does not make the evidence inadmissible. The State's role in the proceeding is to introduce evidence incriminating to the defendant. The stamped refusal to honor the checks which appears on each check is no more prejudicial than any other evidence detrimental to an accused party. Such documents are admissible under the scope of Rule 803(6), and the notations made by the business on the document as part of its business activities are exactly what the rule was designed to make admissible as an exception to the hearsay rule. Thus, we find no merit to the first point of error raised by Apple.

■ Apple argues in his second point of error that the trial court erred in denying his motion to dismiss for failure to provide a speedy trial. The Texas Speedy Trial Act, Tex. Code Crim.Proc.Ann. art. 32A.02, (Vernon Supp.1987), has been declared unconstitutional;[1] therefore, our review of this point of error is under the mandate of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which applies the right to a speedy trial under the Sixth Amendment of the United States Constitution. According to *Barker*, factors to be considered, although not exclusive, are: (1)

1. *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim. App.1987).

the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant resulting from the delay. *Phillips v. State*, 650 S.W.2d 396 (Tex.Crim.App. 1983).

The evidence indicates that Apple was originally placed in custody January 29, 1986, in Missouri on this and several other charges. The trial in this case began on April 14, 1987. During the interval between the arrest and the trial, Apple was transferred fourteen times between counties to answer charges pending in other counties. Prosecution on other charges constitutes a valid reason for delay. *Easley v. State*, 564 S.W.2d 742 (Tex.Crim.App. 1978). A trial date was passed in September of 1986 in Wood County at Apple's request, because he was hospitalized following a heart attack. In the present case, Apple did not demand a speedy trial until shortly before the trial began, and his testimony indicated that he had not been harmed in presenting evidence as no witnesses had died or become unavailable during the delay. Applying the *Barker* balancing process and the factors cited therein, we hold that Apple was not deprived of his Sixth Amendment constitutional right to a speedy trial.

We affirm the judgment of the trial court.