Jay Anthony MITCHELL, Appellant,

v.

The STATE of Texas, State.

No. 2–87–107–CR.

Court of Appeals of Texas,
Fort Worth.

May 12, 1988.

Law Offices of Schenk & Sanders, Dean A. Sanders, Wichita Falls, for appellant.

Reginald R. Wilson and John W. Brasher, Asst. Dist. Attys., Wichita Falls, for the State.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

A jury found appellant, Jay Anthony Mitchell, guilty of causing serious bodily injury by driving while intoxicated. *See*

TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(f) (Vernon Supp.1988). Punishment was assessed by a jury at six months confinement in the Wichita County Jail and a fine of $2,500.00.

We affirm.

Appellant's brief contains four points of error. During oral arguments appellant waived his points of error three and four; therefore, we will only address points of error one and two.

Appellant's point of error one challenges the trial court's admission into evidence of the records and results of appellant's blood alcohol test because the requirements of TEX.R.CRIM.EVID. 803(6) were not met. The trial court admitted into evidence a record of the Wichita Falls Department of Public Safety laboratory through the testimony of Don Taylor, the supervisor of the Abilene Department of Public Safety laboratory. After the tests were performed, but before trial, the Wichita Falls lab closed, and its records were moved to the Abilene Department of Public Safety laboratory. Taylor is presently the custodian at the Abilene lab of the records in question; however, he has never had any supervisory capacity over the Wichita Falls lab where the records were made.

TEX.R.CRIM.EVID. 803(6) states that records of a regularly conducted business activity are admissible if they were made at or near the time of the activity, recorded as part of a regularly conducted business activity, made by, or from data provided by, a person with knowledge unless the source of information or the method of preparation indicates a lack of trustworthiness. TEX.R.CRIM.EVID. 803(6) does not require the witness laying the predicate for the introduction of the records to be the creator of the records or even an employee of the same company. *Apple v. State*, 744 S.W.2d 256, 257 (Tex. App.—Texarkana 1987, no pet.). Additionally, a qualified witness need not have personal knowledge as to the contents of the records but rather he need only have personal knowledge of the mode of preparation of the records. *Knapper v. State*, 629

S.W.2d 865, 867 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

■ Appellant claims Taylor was not a proper sponsoring witness of the records and did not have the degree of personal knowledge as required by TEX.R.CRIM. EVID. 803(6) because he did not conduct or supervise the actual test at the Wichita lab. Taylor may not have conducted the test resulting in the records at issue, but he is presently the custodian of these records at the Abilene lab. Taylor also testified that all Department of Public Safety laboratories used the same procedures, and that he is familiar with those procedures.

■ Even assuming that appellant's argument is correct, any error in the admission of the records is harmless because the records relate to facts which were sufficiently proved by other competent and unobjected-to evidence. *See Anderson v. State,* 717 S.W.2d 622, 627 (Tex.Crim.App. 1986). The records were offered to show that appellant was intoxicated. Appellant testified that in fact he was intoxicated. Further, appellant admitted to Officer Thayer that he had twelve beers before the accident. Also, Officer Thayer testified based on his observation that in his opinion appellant was intoxicated at the scene of the accident. Point of error one is overruled.

■ Appellant asserts in point of error two that the trial court erred in submitting paragraph two of the charge which deals with causation. The pertinent part of paragraph two reads as follows:

"Serious bodily injury" is the direct result of an offense if the serious bodily injury would not have occurred but for the conduct of the defendant, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

A "concurrent cause" is another cause or agency in addition to the actor's conduct in committing the offense of Driving While Intoxicated, if beyond a reasonable doubt you should find that he committed same.

Appellant complains the above language lessens the State's burden of proof that the offense was the direct cause of the serious bodily injury.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(f) provides as follows:

If it is shown on the trial of a person punished for an offense under Subsection (c), (d), or (e) of this article that the person committed the offense and as a *direct result* of the offense another person suffered serious bodily injury, the minimum term of confinement for the offense is increased by 60 days and the minimum and maximum fines for the offense are increased by $500.00.

*Id.* (emphasis added). Appellant argues that the phrase "direct result" in section (f) means that appellant driving while intoxicated must have been the "sole cause" of the victim's serious bodily injury. We disagree. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(f) does not so provide, and we have not found any cases which hold that direct result means "sole cause."

TEX.PENAL CODE ANN. sec. 6.04 (Vernon 1974) provides as follows:

(a) A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

(b) A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that:

(1) a different offense was committed; or

(2) a different person or property was injured, harmed, or otherwise affected.

*Id.* The direct result language in the instant charge is synonymous with the causation required by TEX.PENAL CODE ANN. sec. 6.04 which was intended to govern statutes as to causation in criminal cases. Thus, the trial court's instruction was prop-

er. *Compare Robbins v. State,* 717 S.W.2d 348, 351–52 (Tex.Crim.App.1986) (opinion on reh'g). Point of error two is overruled.

The judgment of the trial court is affirmed.