

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-09-00283-CR

BRANDON LEE
BURCHFIELD

APPELLANT

V.

THE STATE OF TEXAS

STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In seven points, Appellant Brandon Lee Burchfield appeals his conviction
for intoxication manslaughter.  We affirm

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

On February 22, 2008, Burchfield, Charles Osborn, and Alex Aparacio, picked up a thirty pack of beer and headed to a party at Joe Pool Lake in Osborn's truck. They arrived around 9:00 p.m. and began drinking beer and tequila shots. After several hours, Osborn became ill and Burchfield agreed to drive Osborn to get something to eat. On the way to a nearby McDonald's, while travelling on Debbie Lane in Arlington, Texas, Burchfield collided head-on with a car driven by Nogaelda Zavala. Two of Zavala's children, Karen and Angel, were with her in the car. Zavala died in the collision, Karen suffered minor injuries, and Angel's leg was broken. Osborn, thrown from the truck in the crash, is now a quadriplegic.

Because Burchfield smelled of alcohol and had slurred speech, responding Arlington Police Officer Ryan Eastlick called a DWI unit to the accident scene. Dylan Eckstrom, the DWI officer, noted that Burchfield smelled of alcohol and that he had glassy, bloodshot eyes. Burchfield told Officer Eckstrom that he had drunk a "beer and a half." After administering field sobriety tests, Officer Eckstrom arrested Burchfield for DWI. Because the crash resulted in a death and because Burchfield refused to voluntarily take a breath test, Burchfield was subject to a mandatory blood test. After the blood draw, Officer Eckstrom transported Burchfield to the Arlington Police Station where Burchfield waived his *Miranda* rights and was interviewed. During the interview, Burchfield admitted to

2

drinking alcohol and to being the driver of Osborn's truck when it hit Zavala's vehicle. The trial court admitted the interview videotape.

At trial, Osborn testified that after the accident Burchfield told him that "we had hit something and we needed to run, because [Burchfield] was drunk." Joyce Ho, a senior toxicologist and lab manager in the Tarrant County Medical Examiner's Office, testified about the processes and results of tests run on Burchfield's blood samples. During Ho's testimony, the State offered the toxicology report on Burchfield's blood in evidence. The trial court overruled Burchfield's objection that the report was not admissible because Ho was not custodian of the Medical Examiner's records. After the toxicology report was admitted, Ho testified that Burchfield's blood-alcohol level was 0.17. Burchfield did not object to Ho's testimony about his blood-alcohol level.

Officer Eckstrom testified that Burchfield failed the field sobriety tests, that Burchfield refused to consent to a breath test, and that, because a fatality was involved, the law allowed a mandatory blood draw. The trial court overruled Burchfield's objection to Officer Eckstrom's testimony about Burchfield's refusal to take a breath test.

Timothy Lovett, an expert witness in "vehicle autopsies" employed as a private investigator for Crash Dynamics, testified that the truck was fully functioning and capable of operating before the accident and that the post-accident damage to the truck was consistent with a somewhat offset head-on collision. Officer Eastlick testified that the damage to both vehicles was

3

consistent with a head-on collision; that the passenger side of the truck had scrape marks and embedded yellow paint specks consistent with the paint from the roadway's center dividing line; that, before the accident, the truck was traveling westbound; and that the fluid trail and debris patterns indicated that the point of impact was in the eastbound traffic lane.

The jury found Burchfield guilty of intoxication manslaughter and made an affirmative finding that Burchfield used the truck as a deadly weapon. The jury then sentenced Burchfield to ten years' confinement and a $10,000 fine. This appeal followed.

### III. Sufficiency of the Evidence

In his second through fifth points, Burchfield challenges the legal and factual sufficiency of the evidence to support both his conviction and the jury's deadly weapon finding. However, as the court of criminal appeals has recently overruled *Clewis v. State*, 922 S.W.2d 126, 133–34 (Tex. Crim. App. 1996), we review his sufficiency complaints under only the standard set out in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)).

### A. Standard of Review

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential

4

elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing a sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case, not the charge actually given. *Hardy v. State*, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a

charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Golihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); *Malik*, 953 S.W.2d at 240. However, we may not affirm a conviction based on legal or factual grounds that were not submitted to the jury. *Malik*, 953 S.W.2d at 238 n.3. The law authorized by the indictment means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404–05 (Tex. Crim. App. 2000).

## B. Intoxication Manslaughter

A person commits the offense of intoxication manslaughter if he operates a motor vehicle in a public place while intoxicated and by reason of that intoxication causes the death of another by accident or mistake. *See* Tex. Penal Code Ann. § 49.08(a) (Vernon Supp. 2010). To be intoxicated is to (1) not have the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a narcotic, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or (2) have an alcohol concentration of 0.08 or more. *See* Tex. Penal Code. Ann. § 49.01(2)(A), (B) (Vernon 2003). The indictment in this case alleged that Burchfield committed the offense of intoxication manslaughter by

6

> [O]perat[ing] a motor vehicle in a public place while intoxicated, and did by reason of such intoxication cause the death of another, Nogaelda Zavala, through accident or mistake, namely: driving said motor vehicle into or against an automobile occupied by Nogaelda Zavala, and said defendant was intoxicated by not having the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body or by having an alcohol concentration of at least 0.08.

To conform to the indictment, a hypothetically correct jury charge would require the state to prove, beyond a reasonable doubt, that Burchfield, (1) while intoxicated (2) either by introducing alcohol into his system *or* having a blood-alcohol level of at least 0.08, (3) operated a motor vehicle (4) in a public place and (5) as a result of being intoxicated, (6) by accident or mistake drove that vehicle into Zavala's car, (7) causing her death.

The record reflects that on the night of the accident Burchfield's blood alcohol was 0.17, that he admitted to drinking and to being intoxicated, that he was driving the truck on Debbie Lane in Arlington when the accident occurred, that the truck hit Zavala's car, and that Zavala died as a result of the accident. Burchfield's statements on the night of the accident, the toxicology report, Officer Eckstrom's testimony, and the video recording of Burchfield's field sobriety tests support the jury's finding that Burchfield was intoxicated at the time of the accident. *See, e.g., Compton v. State*, 120 S.W.3d 375, 380 (Tex. App.—Texarkana 2003, pet. ref'd) (holding evidence legally sufficient to support a DWI conviction when the jury heard the State Trooper's testimony about the stop and saw the video recording of appellant's field sobriety test performance).

Viewing the evidence in the light most favorable to the prosecution, we conclude that the jury could have found that Burchfield was intoxicated and that the evidence is legally sufficient to sustain his conviction for intoxication manslaughter. We overrule Burchfield's second point.

## C. Deadly Weapon Finding

In his fourth point, Burchfield claims that the evidence was legally insufficient to prove that the pickup truck constituted a deadly weapon because the State is required to prove more than a mere "theoretical capability" that the object is capable of causing death or serious injury. Specifically, Burchfield asserts that because there is no evidence that he either drove the truck in a reckless manner, clearly endangering the lives of others, or that he rapidly accelerated the vehicle toward Zavala's vehicle, the truck could not be considered a deadly weapon.

The penal code defines "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17)(B) (Vernon Supp. 2010). "[I]t is reasonably clear that driving an automobile constitutes the use of it and that driving it in a manner capable of causing death or serious bodily injury constitutes [the automobile] a deadly weapon." *Tyra v. State,* 897 S.W.2d 796, 798 (Tex. Crim. App. 1995).

Here, more than mere theoretical harm occurred: the accident caused injuries, paralysis, and death. Burchfield admitted to drinking and then driving

8

Osborn's truck. The record shows that the truck and Zavala's vehicle were travelling in opposite directions, that the damage to both vehicles was consistent with a head-on collision, and that Burchfield crossed the center lane and hit Zavala's car head-on. Viewing the evidence in a light most favorable to the prosecution, the jury could have determined beyond a reasonable doubt that Burchfield used or intended to use his vehicle in a manner capable of causing death or serious bodily injury. *See* Tex. Penal Code. Ann. § 1.07(a)(17)(B); *George v. State*, 117 S.W.3d 285, 290–91 (Tex. App.—Texarkana 2003, pet. ref'd) (holding evidence that intoxicated defendant crossed the center line and caused an accident in the opposite traffic lane was legally sufficient to support finding that defendant used his automobile as a deadly weapon); *Ray v. State*, 880 S.W.2d 795, 795–96 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (same). We overrule Burchfield's fourth point.

## IV. Evidentiary Objections

In his first and sixth points, Burchfield asserts that the trial court abused its discretion by admitting the toxicology report containing the results of his blood test and Officer Eckstrom's testimony that Burchfield refused to take a breath test on the night of the accident.

### A. Standard of Review

An appellate court may not disturb a trial court's evidentiary rulings absent an abuse of discretion. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). In other words, as long as the trial court's decision was within the

9

zone of reasonable disagreement and was correct under any theory of law applicable to the case, it must be upheld.  *Id*. (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)).  This is so because trial courts are usually in the best position to determine whether certain evidence should be admitted or excluded.  *Id*.

**B.  The Toxicology Report**

In his first point, Burchfield argues that the toxicology report contained inadmissible hearsay and was not properly authenticated because the witness testifying to the report's predicate, Joyce Ho, was not the custodian of the records.

Laboratory reports and medical records are admissible under rule of evidence 803(6), which provides that the following are not excluded by the hearsay rule:

> [a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian *or other qualified witness*, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.  "Business" as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.

*See* Tex. R. Evid. 803(6) (emphasis added); *Mitchell v. State*, 750 S.W.2d 378, 379 (Tex. App.—Fort Worth 1988, pet. ref'd).  Rule 803(6) does not require the

10

witness laying the predicate for the introduction of the records to be the custodian of the records. *Mitchell*, 750 S.W.2d at 379. The witness need only have personal knowledge of the manner in which the records were prepared. *See id*.; *see also Melendez v. State*, 194 S.W.3d 641, 644 (Tex. App.—Houston [14th Dist.] 2006, pet ref'd) (indicating that rule 803(6) does not require the witness laying the predicate to be the person making the record or even employed by the organization that made or maintained the record).

Ho testified that she was a senior toxicologist and lab manager for the Tarrant County Medical Examiner's Office. She also testified about the manner in which blood evidence is submitted to the laboratory and the laboratory's internal evidence-handling and toxicology-testing processes. Ho identified her initials on the samples of Burchfield's blood and testified that she received the blood in a sealed vial, that she performed the tests on Burchfield's blood, and that she generated the toxicology report. Ho also stated that, even though she was not the custodian of the Medical Examiner's records, she had access to toxicology reports.

Ho's testimony served as predicate for admission of Burchfield's toxicology reports under rule 803(6); thus, the trial court did not abuse its discretion by admitting the report. *See Melendez*, 194 S.W.3d at 644; *Conseco v. State*, 199 S.W.3d 437, 440 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (noting that the requirements of rule 803(6) are met so long as the testifying witness has personal knowledge of the recorded information); *see also Simmons v. State*,

11

564 S.W.2d 769, 770 (Tex. Crim. App. 1978) (finding sufficient predicate for rule 803(6) when a supervisor, without personal knowledge of a probation report's contents, testified that the party making entries in the report had personal knowledge of the facts reported). We overrule Burchfield's first point.

## C. Officer Eckstrom's Testimony

In his sixth point, Burchfield contends that the trial court erred by allowing Officer Eckstrom to testify that Burchfield refused to take a breath test on the night of the accident. Burchfield argues that because a blood test was mandatory, his refusal to take a breath test was not relevant and was unduly prejudicial.

We initially note that because the offense was committed before September 1, 2009, former section 724.012 governs the mandatory blood draw at issue in this case. *See* Act of June 20, 2003, 78th Leg., R.S., ch. 422, § 2, 2003 Tex. Gen. Laws 1669 (amended 2009) (current version at Tex. Transp. Code Ann. § 724.012(b) (Vernon Supp 2010)). Former section 724.012 provides:

> A peace officer shall require the taking of a specimen of the person's breath or blood if:
>
> (1) the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft;
>
> (2) the person was the operator of a motor vehicle or a watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense;

12

(3) at the time of the arrest the officer reasonably believes that as a direct result of the accident:

(A) any individual has died or will die; or

(B) an individual other than the person has suffered serious bodily injury; and

(4) *the person refuses the officer's request to submit to the taking of a specimen voluntarily*.

*Id.* (emphasis added). Because the statute requires Burchfield's refusal to voluntarily provide a blood or breath specimen before a mandatory sample can be taken, the trial court did not abuse its discretion by admitting Officer Eckstrom's testimony. *See id.*; *see also Stidman v. State*, 981 S.W.2d 227, 229 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (recognizing that—based on similar "refusal to voluntarily give sample" language in 1998 version of statute— evidence of defendant's refusal to voluntarily give blood sample was statutory predicate to mandatory blood draw). We overrule Burchfield's sixth point.

### V. Punishment

In his seventh point, Burchfield contends that his ten-year sentence violates the doctrine of proportionality and thus constitutes cruel and unusual punishment under both the United States and Texas Constitutions.

The Eighth Amendment of the United States Constitution, article 1, section 13 of the Texas Constitution, and Texas Code of Criminal Procedure article 1.09 prohibit excessive bail, excessive fines, and cruel and unusual punishment. U.S. Const. amend VIII; Tex. Const. art I, § 13; Tex. Code Crim. Proc. Ann. art. 1.09

13

(Vernon 2005). On August 14, 2009 at the conclusion of Burchfield's trial on punishment, the jury sentenced Burchfield to ten years' confinement and a $10,000 fine.

Burchfield did not object to his sentence at the time it was imposed or in a motion for new trial, and raises this issue for the first time on appeal. Thus, Burchfield has failed to preserve his complaint. Error may not be asserted regarding sentence or punishment where such alleged error is not brought to the attention of the trial court by objection or otherwise. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475–76 (Tex. App.—Fort Worth 2009, pet ref'd.). We overrule Burchfield's seventh point.

## VI. Conclusion

Having overruled all of Burchfield's points, we affirm the trial court's judgment.

BOB MCCOY<br>
JUSTICE

PANEL: LIVINGSTON, C.J., DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 6, 2011