02-09-283-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00283-CR

 

 


 
 
 BRANDON LEE BURCHFIELD
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 213TH
 DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I.  Introduction

In seven
points, Appellant Brandon Lee Burchfield appeals his conviction for
intoxication manslaughter.  We affirm

II.  Factual and Procedural History

On February 22, 2008, Burchfield, Charles Osborn, and Alex Aparacio, picked up a thirty pack of beer and headed to a
party at Joe Pool Lake in Osborn’s truck. 
They arrived around 9:00 p.m. and began drinking beer and tequila shots.
 After several hours, Osborn became ill
and Burchfield agreed to drive Osborn to get something to eat.  On the way to a nearby McDonald’s, while
travelling on Debbie Lane in Arlington, Texas, Burchfield collided head-on with
a car driven by Nogaelda Zavala.  Two of Zavala’s children, Karen and Angel,
were with her in the car.  Zavala died in
the collision, Karen suffered minor injuries, and Angel’s leg was broken.  Osborn, thrown from the truck in the crash, is
now a quadriplegic.

          Because Burchfield smelled
of alcohol and had slurred speech, responding Arlington Police Officer Ryan Eastlick called a DWI unit to the
accident scene.  Dylan Eckstrom, the DWI officer, noted
that Burchfield smelled of alcohol and that he had glassy, bloodshot eyes.  Burchfield told Officer Eckstrom
that he had drunk a “beer and a half.”  After
administering field sobriety tests, Officer Eckstrom arrested
Burchfield for DWI.  Because the crash
resulted in a death and because Burchfield refused to voluntarily take a breath
test, Burchfield was subject to a mandatory blood test.  After the blood draw, Officer Eckstrom transported Burchfield to the Arlington Police Station
where Burchfield waived his Miranda
rights and was interviewed.  During the
interview, Burchfield admitted to drinking alcohol and to being the driver of Osborn’s
truck when it hit Zavala’s vehicle.  The
trial court admitted the interview videotape.

          At trial, Osborn testified
that after the accident Burchfield told him that “we had hit something and we
needed to run, because [Burchfield] was drunk.”  Joyce Ho, a senior toxicologist and lab manager
in the Tarrant County Medical Examiner’s Office, testified about the processes
and results of tests run on Burchfield’s blood samples.  During Ho’s testimony, the State offered the
toxicology report on Burchfield’s blood in evidence.  The trial court overruled Burchfield’s objection
that the report was not admissible because Ho was not
custodian of the Medical Examiner’s records.  After the toxicology report was admitted, Ho
testified that Burchfield’s blood-alcohol level was 0.17.  Burchfield did not object to Ho’s testimony about
his blood-alcohol level.

Officer Eckstrom testified that Burchfield
failed the field sobriety tests, that Burchfield refused to consent to a breath
test, and that, because a fatality was involved, the law allowed a mandatory
blood draw.  The trial court overruled Burchfield’s
objection to Officer Eckstrom’s testimony about
Burchfield’s refusal to take a breath test.

          Timothy Lovett, an expert
witness in “vehicle autopsies” employed as a private investigator for Crash
Dynamics, testified that the truck was fully functioning and capable of
operating before the accident and that the post-accident damage to the truck
was consistent with a somewhat offset head-on collision.  Officer Eastlick testified
that the damage to both vehicles was consistent with a head-on collision; that
the passenger side of the truck had scrape marks and embedded yellow paint
specks consistent with the paint from the roadway’s center dividing line; that,
before the accident, the truck was traveling westbound; and that the fluid trail
and debris patterns indicated that the point of impact was in the eastbound traffic
lane.

The jury found Burchfield guilty of intoxication manslaughter and made an
affirmative finding that Burchfield used the truck as a deadly weapon.  The jury then sentenced Burchfield to ten
years’ confinement and a $10,000 fine.  This
appeal followed.

III.  Sufficiency of the
Evidence

In his second through fifth points, Burchfield challenges the legal and
factual sufficiency of the evidence to support both his conviction and the
jury’s deadly weapon finding.  However, as
the court of criminal appeals has recently overruled Clewis
v. State, 922 S.W.2d 126, 133–34
(Tex. Crim. App. 1996), we review his sufficiency complaints under only the
standard set out in Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). 
See Brooks v. State, 323
S.W.3d 893, 895 (Tex. Crim. App. 2010) (overruling Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996)).

A.  Standard of Review 

In reviewing the sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in
order to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at
2789; Clayton, 235 S.W.3d at 778.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex. Code Crim. Proc.
Ann. art. 38.04 (Vernon 1979); Brown
v. State, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing a sufficiency review,
we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder.  Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000). 
Instead, we “determine whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence when viewed in
the light most favorable to the verdict.” 
Hooper v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).  We must presume that the factfinder
resolved any conflicting inferences in favor of the prosecution and defer to
that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at
2793; Clayton, 235 S.W.3d at 778.

The sufficiency of the evidence should be measured by the elements of the
offense as defined by the hypothetically correct jury charge for the case, not
the charge actually given.  Hardy v. State, 281
S.W.3d 414, 421 (Tex. Crim. App. 2009); Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge is one that accurately sets out
the law, is authorized by the indictment, does not unnecessarily restrict the
State’s theories of liability, and adequately describes the particular offense
for which the defendant was tried.  Golihar v. State, 46 S.W.3d 243,
253 (Tex. Crim. App. 2001); Malik, 953 S.W.2d at 240.  However, we may not affirm a conviction based
on legal or factual grounds that were not submitted to the jury.  Malik, 953 S.W.2d at 238 n.3.  The law
authorized by the indictment means the statutory elements of the charged
offense as modified by the factual details and legal theories contained in the
charging instrument.  See Curry v. State, 30
S.W.3d 394, 404–05 (Tex. Crim. App. 2000).

B.  Intoxication
Manslaughter

          A person commits the
offense of intoxication manslaughter if he operates a motor vehicle in a public
place while intoxicated and by reason of that intoxication causes the death of
another by accident or mistake.  See Tex. Penal Code Ann. § 49.08(a)
(Vernon Supp. 2010).  To be intoxicated
is to (1) not have the normal use of mental or physical faculties by reason of
the introduction of alcohol, a controlled substance, a narcotic, a drug, a
dangerous drug, a combination of two or more of those substances, or any other
substance into the body; or (2) have an alcohol concentration of 0.08 or more.  See Tex.
Penal Code. Ann. § 49.01(2)(A), (B) (Vernon
2003).  The indictment in this case
alleged that Burchfield committed the offense of intoxication manslaughter by 

[O]perat[ing] a motor vehicle in a public place while intoxicated,
and did by reason of such intoxication cause the death of another, Nogaelda Zavala, through accident or mistake, namely:
driving said motor vehicle into or against an automobile occupied by Nogaelda Zavala, and said defendant was intoxicated by not
having the normal use of his mental or physical faculties by reason of the
introduction of alcohol into his body or by having an alcohol concentration of
at least 0.08.

 

To conform
to the indictment, a hypothetically correct jury charge would require the state
to prove, beyond a reasonable doubt, that Burchfield, (1) while intoxicated (2)
either by introducing alcohol into his system or having a blood-alcohol level of at least 0.08, (3) operated a
motor vehicle (4) in a public place and (5) as a result of being intoxicated, (6)
by accident or mistake drove that vehicle into Zavala’s car, (7) causing her
death.

          The record reflects that on the night
of the accident Burchfield’s blood alcohol was 0.17, that
he admitted to drinking and to being intoxicated, that he was driving the truck
on Debbie Lane in Arlington when the accident occurred, that the truck hit Zavala’s car, and that Zavala died as a
result of the accident.  Burchfield’s
statements on the night of the accident, the toxicology report, Officer Eckstrom’s
testimony, and the video recording of Burchfield’s field sobriety tests support
the jury’s finding that Burchfield was intoxicated at the time of the accident.
 See,
e.g., Compton v. State, 120 S.W.3d 375, 380 (Tex. App.—Texarkana 2003, pet.
ref’d) (holding evidence legally sufficient to
support a DWI conviction when the jury heard the State Trooper’s testimony about
the stop and saw the video recording of appellant’s field sobriety test performance).

          Viewing the evidence in the light
most favorable to the prosecution, we conclude that
the jury could have found that Burchfield was intoxicated and that the evidence
is legally sufficient to sustain his conviction for intoxication
manslaughter.  We overrule Burchfield’s
second point.

C. 
Deadly Weapon Finding

          In his fourth point, Burchfield
claims that the evidence was legally insufficient to prove that the pickup
truck constituted a deadly weapon because the State is required to prove more
than a mere “theoretical capability” that the object is capable of causing
death or serious injury.  Specifically, Burchfield asserts that because there is no evidence that
he either drove the truck in a reckless manner, clearly endangering the lives
of others, or that he rapidly accelerated the vehicle toward Zavala’s vehicle, the truck could not be considered a deadly weapon.

          The penal code defines “deadly
weapon” as “anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury.”  Tex. Penal Code Ann. § 1.07(a)(17)(B) (Vernon Supp. 2010).  “[I]t is reasonably clear that driving an
automobile constitutes the use of it and that driving it in a manner capable of
causing death or serious bodily injury constitutes [the automobile] a deadly
weapon.”  Tyra v. State, 897
S.W.2d 796, 798 (Tex. Crim. App. 1995).

          Here, more
than mere theoretical harm occurred:  the
accident caused injuries, paralysis, and death. 
Burchfield admitted to drinking and then driving Osborn’s truck.  The record shows that the truck and Zavala’s
vehicle were travelling in opposite directions, that
the damage to both vehicles was consistent with a head-on collision, and that
Burchfield crossed the center lane and hit Zavala’s car head-on.  Viewing the evidence in a light most
favorable to the prosecution, the jury could have determined beyond a
reasonable doubt that Burchfield used or intended to use his vehicle in a
manner capable of causing death or serious bodily injury.  See
Tex. Penal Code. Ann. § 1.07(a)(17)(B); George v. State, 117 S.W.3d 285, 290–91
(Tex. App.—Texarkana 2003, pet. ref’d) (holding
evidence that intoxicated defendant crossed the center line and caused an
accident in the opposite traffic lane was legally sufficient to support finding
that defendant used his automobile as a deadly weapon); Ray v. State, 880 S.W.2d 795, 795–96 (Tex. App.—Houston [1st Dist.]
1994, no pet.) (same). 
We overrule Burchfield’s fourth
point. 

IV.  Evidentiary
Objections

In his first and sixth points,
Burchfield asserts that the trial court abused its discretion by admitting the toxicology
report containing the results of his blood test and Officer Eckstrom’s
testimony that Burchfield refused to take a breath test on the night of the
accident. 

A.  Standard
of Review

An appellate court may not
disturb a trial court’s evidentiary rulings absent an abuse of discretion.  Winegarner v. State, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).  In other words, as long as the trial court’s
decision was within the zone of reasonable disagreement and was correct under
any theory of law applicable to the case, it must be upheld.  Id. (citing Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g)).  This is so because trial courts are usually
in the best position to determine whether certain evidence should be admitted
or excluded.  Id.

B.  The Toxicology
Report

In his first point, Burchfield argues that the toxicology report contained
inadmissible hearsay and was not properly authenticated because the witness
testifying to the report’s predicate, Joyce Ho, was not the custodian of the
records.

Laboratory reports and medical records are admissible under rule of evidence
803(6), which provides that the following are not excluded by the hearsay rule:


[a] memorandum,
report, record, or data compilation, in any form, of acts, events, conditions,
opinions, or diagnoses, made at or near the time by, or from information
transmitted by, a person with knowledge, if kept in the course of a regularly
conducted business activity, and if it was the regular practice of that
business activity to make the memorandum, report, record, or data compilation,
all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule
902(10), unless the source of information or the method or circumstances of
preparation indicate lack of trustworthiness. 
“Business” as used in this paragraph includes any and every kind of
regular organized activity whether conducted for profit or not. 

 

See Tex. R. Evid. 803(6) (emphasis added); Mitchell v. State, 750 S.W.2d 378, 379 (Tex. App.—Fort Worth 1988,
pet. ref'd).  Rule
803(6) does not require the witness laying the predicate for the introduction
of the records to be the custodian of the records.  Mitchell,
750 S.W.2d at 379.  The witness need only have personal knowledge
of the manner in which the records were prepared.  See id.;
see also Melendez v. State, 194 S.W.3d 641, 644 (Tex. App.—Houston [14th
Dist.] 2006, pet ref’d) (indicating that rule 803(6)
does not require the witness laying the predicate to be the person making the
record or even employed by the organization that made or maintained the
record).  

          Ho testified that she was a senior
toxicologist and lab manager for the Tarrant County Medical Examiner’s Office.  She also testified about the manner in which blood
evidence is submitted to the laboratory and the laboratory’s internal
evidence-handling and toxicology-testing processes.  Ho identified her initials on the samples of
Burchfield’s blood and testified that she received the blood in a sealed vial,
that she performed the tests on Burchfield’s blood, and that she generated the
toxicology report.  Ho also stated that, even
though she was not the custodian of the Medical Examiner’s records, she had
access to toxicology reports. 

Ho’s testimony served as predicate for admission of Burchfield’s toxicology
reports under rule 803(6); thus, the trial court did not abuse its discretion by
admitting the report.  See Melendez, 194 S.W.3d at 644; Conseco v. State, 199 S.W.3d 437, 440
(Tex. App.—Houston [1st Dist.] 2006, pet. ref’d)
(noting that the requirements of rule 803(6) are met so long as the testifying
witness has personal knowledge of the recorded information); see also Simmons v. State, 564 S.W.2d 769, 770 (Tex. Crim. App. 1978) (finding
sufficient predicate for rule 803(6) when a supervisor, without personal
knowledge of a probation report’s contents, testified that the party making
entries in the report had personal knowledge of the facts reported).  We overrule Burchfield’s first point.

C.  Officer
Eckstrom’s Testimony

In his sixth point, Burchfield contends that the trial court erred by
allowing Officer Eckstrom to testify that Burchfield
refused to take a breath test on the night of the accident.  Burchfield argues that because a blood test
was mandatory, his refusal to take a breath test was not relevant and was
unduly prejudicial.

We initially note that because the offense was committed before
September 1, 2009, former section 724.012 governs the mandatory blood draw at
issue in this case.  See Act of June 20, 2003, 78th Leg., R.S.,
ch. 422, § 2, 2003 Tex. Gen. Laws 1669 (amended 2009)
(current version at Tex. Transp. Code Ann. § 724.012(b) (Vernon Supp
2010)).  Former section 724.012 provides:


A peace officer shall
require the taking of a specimen of the person’s breath or blood if: 

 

(1) 
 the officer arrests the person
for an offense under Chapter 49, Penal Code, involving the operation of a motor
vehicle or a watercraft; 

 

(2)
 the person was the operator of a
motor vehicle or a watercraft involved in an accident that the officer
reasonably believes occurred as a result of the offense;

 

(3)
 at the time of the arrest the
officer reasonably believes that as a direct result of the accident:

 

(A)
  any individual has died or will die; or

 

(B)
  an individual other than the
person has suffered serious bodily injury; and

 

(4)
 the person refuses
the officer’s request to submit to the taking of a specimen voluntarily. 

 

Id. (emphasis
added).  Because the statute requires Burchfield’s
refusal to voluntarily provide a blood or breath specimen before a mandatory
sample can be taken, the trial court did not abuse its discretion by admitting
Officer Eckstrom’s testimony.  See id.;
see also Stidman
v. State, 981 S.W.2d 227, 229 (Tex. App.—Houston [1st Dist.] 1998, no pet.)
(recognizing that—based on similar “refusal to
voluntarily give sample” language in 1998 version of statute—evidence of
defendant’s refusal to voluntarily give blood sample was statutory predicate to
mandatory blood draw).  We overrule
Burchfield’s sixth point.

V.  Punishment

In his seventh point, Burchfield
contends that his ten-year sentence violates the doctrine of proportionality
and thus constitutes cruel and unusual punishment under both the United States
and Texas Constitutions. 

The Eighth Amendment of the United
States Constitution, article 1, section 13 of the Texas Constitution, and Texas
Code of Criminal Procedure article 1.09 prohibit excessive bail, excessive
fines, and cruel and unusual punishment. 
U.S. Const. amend VIII; Tex. Const. art I, § 13; Tex. Code Crim.
Proc. Ann. art. 1.09 (Vernon 2005).  On August 14, 2009 at the conclusion of
Burchfield’s trial on punishment, the jury sentenced Burchfield to ten years’ confinement
and a $10,000 fine.

Burchfield did not object to his sentence
at the time it was imposed or in a motion for new
trial, and raises this issue for the first time on appeal.  Thus, Burchfield has failed to preserve his
complaint.  Error may not be asserted
regarding sentence or punishment where such alleged error is not brought to the
attention of the trial court by objection or otherwise.  Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); Kim v. State, 283 S.W.3d 473, 475–76
(Tex. App.—Fort Worth 2009, pet ref’d.).  We overrule Burchfield’s seventh point.

VI.  Conclusion

          Having overruled all of Burchfield’s
points, we affirm the trial court’s judgment.

 

                                                                             
 
 
 
 
 
 
 
 BOB MCCOY

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 
 LIVINGSTON, C.J., 
 
 
 
 
 
 DAUPHINOT and 
 
 
 
 
 
 MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 6, 2011











[1]See Tex. R. App. P. 47.4.