**AFFIRM, REVERSE and REMAND; Opinion Filed April 21, 2020**



**In The**

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-18-01379-CR**

**DAVID WAYNE WELCH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 8**
**Dallas County, Texas**
**Trial Court Cause No. MA1870849J**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Schenck

Appellant David Wayne Welch appeals his conviction for attempted theft of

property. In four issues, appellant challenges the sufficiency of the evidence to

support his conviction and an evidentiary ruling and requests that this Court reform

the judgment to reflect the sentence imposed. We reverse the trial court's judgment

as to punishment and remand the case to the trial court for a new punishment hearing.

We otherwise affirm the trial court's judgment. Because all issues are settled in the

law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant was charged by information with the Class A misdemeanor offense of theft of property, valued at more than $750 but less than $2,500. TEX. PENAL CODE ANN. § 31.03(c)(3). The offense was alleged to have occurred on June 3, 2018 at an Auto Zone store. Appellant waived his right to a jury trial and proceeded to trial before the court. At the close of evidence, the trial court found appellant not guilty of theft but guilty of attempted theft, a Class C misdemeanor. The trial court assessed punishment at forty days' confinement in the Dallas County Jail, with full credit for time served, and a $100 fine. This appeal followed.

## DISCUSSION

### I.    Sufficiency of the Evidence

In his first and second issues, appellant challenges the sufficiency of the evidence to support his conviction. Specifically he claims the State failed to prove beyond a reasonable doubt that he was the perpetrator of the crime and the value of the cash stolen. The State responds urging appellant was affirmatively identified by witnesses and a video recording of the theft, and that the evidence established appellant attempted to steal an amount greater than $0.01. We agree with the State.

#### A. Standard of Review

We review a sufficiency challenge by examining the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could

have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). The trier of fact is the sole judge of the weight and credibility of the evidence. *Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018). It is presumed the fact finder resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 319; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

## B. Identity

There is no question that the State is required to prove beyond a reasonable doubt that the accused is the person who committed the charged crime. *See Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984); *overruled on other grounds by Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991). Identity may be established by either direct or circumstantial evidence, coupled with all reasonable inferences from that evidence. *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009). Moreover, the testimony of a single eyewitness can be sufficient to identify the defendant as the perpetrator. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971).

### 1. The Evidence

At trial, the State called three witnesses to testify. The State also introduced into evidence a video recording of the offense. Appellant did not testify and did not call any witnesses.

The State's first witness was Robert Andrews, a regional loss prevention officer for Auto Zone. Andrews testified he investigates cash and merchandise losses within the company, interviews employees, and refers matters to law enforcement as necessary. Auto Zone stores have cash registers, lock boxes and a safe. When the store opens each day, the cash registers contains $150. Throughout the day, the store clerks are to place Twenty-dollar bills, in excess of six twenty-dollar bills, and bills in excess of twenty-dollars into a black lock box, which is located underneath each cash register. The company's computer system alerts store managers when large amounts of cash accumulate in the cash registers and lock boxes so that the manager can remove the excess cash and place it in a safe. This process is called a "sweep." The sweep process requires a two-person verification count before the cash is placed in the safe. The lock boxes remain locked between sweeps and employees insert cash into the lock boxes through a slot. Only the store managers can open the lock boxes. After the store closes, the registers and safe are reconciled, again by a two-person verification count.

On June 3, 2018, an Auto Zone district manager notified Andrews of a large cash discrepancy on a register at one of the stores. Andrews obtained employee statements and viewed the surveillance video of the register. The video was admitted into evidence at trial without objection and shows an individual enter the store one hour before closing, pry open the lock box with a screwdriver, put something into his pocket, and exit the store. Andrews identified appellant as the individual in the video and stated the computer system showed $1,017.88 was missing from the register.

Andrews sent a still image from the surveillance video to the district manager and asked him to show the photo to the managers of Auto Zone stores in the area where the offense occurred. Kimberly Dabney, one of the store managers, recognized the individual as appellant, a former Auto Zone employee. Andrews notified law enforcement that Dabney could identify the perpetrator.

The State then called Dabney to testify. She identified appellant as a previous employee of the store she manages. He worked at the store for approximately six months in 2017. During that time, he worked the last shift three or four times a week and participated in closing audits of his register at the end of the night but did not have a key to the lock box. Dabney indicated that when she saw the still image from the video she believed the individual shown was appellant. After she viewed the

video recording at the police department, she was certain it was appellant. She recognized his face and the fact that he walks with a limp.

The State's final witness, Detective Hannah Tamez, testified that she was assigned to the case. She gathered the surveillance video and then brought Dabney in to watch it. Dabney identified the individual depicted in the video as appellant.

### 2. Analysis

Appellant contends that Andrews and Detective Tamez were overly influenced into believing appellant was the individual depicted in the video, and urges, therefore, that their testimony failed to establish beyond a reasonable doubt that appellant was the perpetrator of the offense. This argument attacks the credibility of Andrews and Detective Tamez's statements concerning the identity of the perpetrator. The trial court judge, as the fact finder, was the sole judge of the weight and credibility of their statements and was entitled to find their statements credible. *Zuniga*, 551 S.W.3d at 733.

Moreover, Dabney, someone familiar with appellant, was able to make a positive identification of appellant as the perpetrator. Her identification alone is sufficient to support a finding that appellant was the person who entered the Auto Zone store on June 3, 2018, used a screwdriver to tamper with the lock box, and appeared to take something from the box. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978). Additionally, the trial court judge watched the surveillance

video and could reasonably draw her own conclusion as to whether appellant was the individual depicted therein. *See Conyers v. State*, 864 S.W.2d 739, 740–41 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd).

The evidence is legally sufficient to support the trial court's finding. We overrule appellant's first issue.

### C. Value

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of that property. PENAL § 31.03(a). A person commits the criminal offense of attempt if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended. *Id.* § 15.01(a). Thus, an attempted theft requires a showing the accused, with the specific intent to commit a theft, committed acts amounting to more than preparation which tended, but failed, to effect the commission of the theft. *McCay v. State*, 476 S.W.3d 640, 644–45 (Tex. App.—Dallas 2015, pet. ref'd). Accordingly, the trial court's finding in favor of appellant on the theft charge does not preclude a finding against appellant on the lesser-included offense of attempted theft. Because the trial court convicted appellant of Class C misdemeanor attempted theft, the State only had to prove appellant attempted to steal any amount of currency from $0.01 to $749.99. The evidence established the lock box contained all fifty and one hundred-dollar bills received as

–7–

payments and that if the register had more than six twenty-dollar bills, the excess bills would be placed in the box. Andrews testified that there were no sweeps of the lock box between 6:20 p.m. and 10:32 p.m. and the video shows appellant tampering with the lock box just before 9:00 p.m.

We conclude the evidence viewed in the light most favorable to the trial court's finding establishes appellant intended to commit theft and committed acts amounting to more than preparation and that he intended to take cash that had been secured in the lock box. *See Jackson*, 443 U.S. at 319. Thus, the evidence is legally sufficient to support his conviction for attempted theft. We overrule appellant's second issue.

## II.    Auto Zone Sweep Log

In his third issue, appellant claims the trial court abused its discretion when it admitted an Auto Zone sweep log recorded by a computer on June 3, 2018. At trial, appellant objected to the admittance of the log on hearsay grounds. The trial court admitted the log as a business record.

### A. Standard of Review

We review a trial court's decision to admit evidence under an abuse of discretion standard. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). The trial court abuses its discretion only when the decision lies "outside the zone of reasonable disagreement." *Id.* A reviewing court should uphold the trial court's

ruling if it is reasonably supported by the evidence and is correct under any theory of law applicable to the case. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

**B. Business Records – June 3, 2018 Sweep Log**

Records of regularly conducted activity are admissible as exceptions to the rule against hearsay if a custodian or other qualified witness, by testimony or a writing compliant with Rule 902(10) of the Texas Rules of Evidence, avers that,

> [T]he record was made at or near the time by— or from information transmitted by—someone with knowledge; the record was kept in the course of a regularly conducted business activity; making the record was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness . . . and the opponent fails to demonstrate that the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness.

TEX. R. EVID. 803(6), 902. Although there is no requirement that the witness establishing the predicate created the record or have personal knowledge of its content, he must have personal knowledge of the manner in which the records were prepared. *Mitchell v. State*, 750 S.W.2d 378, 379 (Tex. App.—Fort Worth 1988, pet. ref'd).

**C. Analysis**

Prior to offering the sweep log the following exchange occurred between the prosecutor and Andrews.

PROSECUTOR: Mr. Andrews, do you have the sweep audit log with you from June 3, 2018?

ANDREWS: Yes.

PROSECUTOR: Is that record kept in the ordinary course of business for Auto Zone?

ANDREWS: Yes.

PROSECUTOR: Is it the regular practice of Auto Zone to keep such records?

ANDREWS: Yes.

PROSECUTOR: Was that record made at or near the time of the events that we're discussing today? Around June 3, 2018, was that audit log created?

ANDREWS: Yes. I mean, it's automatically created.

PROSECUTOR: Was it made by someone with personal knowledge of what is contained in the record?

ANDREWS: Well, the system generates the report. It's not something that somebody generates. It's a recap of what was done on the registers for that day.

PROSECUTOR: And then anyone with access to that system is able to print out that report?

ANDREWS: Yes. Someone in the store, anyone in the store -- anyone in management could print out the report…

PROSECUTOR:  You printed out the Sweep Audit Log Report in this case?

ANDREWS:  Yes.

Through this testimony, Andrews established he had access to the report, he knew how the report was generated, it was prepared on June 3, 2018 by an automated system, and the report was a record that was created daily in the regular course of business. In addition, the record shows appellant failed to demonstrate the record lacked trustworthiness. Accordingly, the State laid the proper predicate for the report to be admitted as a business record and the trial court did not abuse its discretion in admitting the report. We overrule appellant's third issue.

## III. Sentence

Appellant urges in his fourth issue that the trial court's judgment imposes an illegal sentence. The State agrees.

An illegal sentence is one that is not authorized by law. *See Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013). A sentence outside the range of punishment authorized by law is considered illegal. *Id.*; *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Although an illegal sentence is not included among the situations in which a judgment is void, an argument that a sentence is illegal may be raised at any time. *See Wright v. State*, 506 S.W.3d 478, 482 (Tex. Crim. App. 2016) ("'Illegal sentence' was not one of the four situations listed."); *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) ("[T]here has never been anything in Texas law that prevented *any* court with jurisdiction over a criminal case

–11–

from noticing and correcting an illegal sentence, no matter when or how the relief was sought." (internal quotation marks omitted)).

An individual adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $500. PENAL § 12.23. At the conclusion of trial, the trial court assessed punishment at "40 days as applied" and a fine of $100. The written judgment states that the trial court sentenced appellant to confinement in the Dallas County jail and a fine of $100 with a credit for time served of 40 days.

Appellant's sentence of 40 days confinement in the Dallas County Jail is not authorized by law and is therefore illegal. *Mizell*, 119 S.W.3d at 806. In this circumstance, the appropriate remedy is to reverse the judgment as to punishment and remand the question of appellant's punishment to the trial court. *See id.* at 805, 807. We sustain appellant's fourth issue.

## CONCLUSION

We affirm the trial court's judgment on guilt. Because appellant's sentence is illegal, we reverse the judgment as to punishment and remand the case to the trial court for a new punishment hearing.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
Tex. R. App. P. 47
181379F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAVID WAYNE WELCH,
Appellant

No. 05-18-01379-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal
Court No. 8, Dallas County, Texas
Trial Court Cause No. MA1870849J.
Opinion delivered by Justice
Schenck. Justices Osborne and
Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**AFFIRMED** as to guilt, and **REVERSED** as to punishment and the cause is **REMANDED** for further proceedings pursuant to TEX. CODE CRIM. PROC. ANN. Art. 44.29(b).

Judgment entered this 21st day of April, 2020.