**Clyde Howard STIDMAN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–95–01119–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 30, 1998.

Jim Heaney, Houston, for Appellant.

John B. Holmes, Carmen Castillo Mitchell, Houston, for Appellee.

Before COHEN, O'CONNOR and ANDELL, JJ.

## OPINION

COHEN, Justice.

Appellant pleaded no contest and was convicted of intoxication assault. Pursuant to a plea agreement, the trial judge assessed a punishment of five years probation. We affirm.

### Facts

On October 31, 1994, appellant had a traffic accident in which his 3–year–old son, a passenger in appellant's car, was seriously injured. Appellant was arrested for driving while intoxicated [1] and taken to a hospital for a blood test. When he refused to consent to having his blood drawn, the arresting officer told him the blood test was required. Appellant again refused consent. After two officers physically forced him into a position to draw his blood, he submitted. An emergency room nurse took a blood specimen from appellant.

Appellant pleaded not guilty. Before the jury was sworn, the trial judge heard appellant's motion to suppress evidence of the blood test and motion to quash the indictment for failure to state the mens rea of the offense. After the judge denied the motions, appellant changed his plea to nolo contendere.

### Blood Sample

In his first point of error, appellant asserts his motion to suppress should have been granted because his blood was drawn without his consent or a search warrant.[2]

Generally, the taking of a blood specimen is a search and seizure within the meaning of the Fourth Amendment of the United States Constitution and article 1, section 9 of the Texas Constitution and requires the issuance of a search warrant. *Schmerber*

---

1. The charge was later changed to intoxication assault.

2. Appellant does not complain of the method used to obtain the blood sample.

*v. California,* 384 U.S. 757, 767–69, 86 S.Ct. 1826, 1834–35, 16 L.Ed.2d 908 (1966); *Escamilla v. State,* 556 S.W.2d 796, 798–99 (Tex.Crim.App.1977). A police officer with probable cause, however, may compel an individual to submit to a blood test to preserve evidence of blood alcohol content so long as the test is performed in a reasonable manner. *Schmerber,* 384 U.S. at 770–71, 86 S.Ct. at 1836 (blood test by physician in a hospital setting reasonable); *see also Weaver v. State,* 721 S.W.2d 495, 497 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd) (warrantless search justified "[W]here there is a bona fide danger of the alcohol dissipating from the blood before the evidence can be gathered, and where the officer had probable cause to arrest the defendant.").

In Texas, taking a blood specimen without consent or a search warrant is governed by section 724.012 of the Transportation Code. It states:

(b) A peace officer shall require the taking of a specimen of the person's breath or blood if:

(1) the officer arrests the person for an offense involving the operation of a motor vehicle or a watercraft under Chapter 49, Penal Code;

(2) the person was the operator of a motor vehicle or a watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense;

(3) at the time of the arrest, the officer reasonably believes that a person has died or will die as a direct result of the accident; and

(4) the person refuses the officer's request to voluntarily give a specimen.

TEX. TRANSP. CODE ANN. § 724.012(b) (Vernon Pamph.1998).[3]

■ Here, appellant was involved·in a car accident and arrested for driving while intoxicated, an offense under chapter 49 of the Penal Code. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon Supp.1998). Officer Powers testified that the accident victim was unresponsive and comatose before he was flown to the hospital. Life Flight dispatch and hospital personnel informed Powers that the victim's condition was "very serious" and "very critical."[4] Only after appellant refused to voluntarily give a breath or blood specimen did the officer require appellant to have his blood drawn by an emergency room nurse in a hospital setting. Powers met the requirements of section 724.012(b) before requiring the taking of appellant's blood specimen. Thus, the results of a blood test were admissible. *See* TEX. TRANSP. CODE ANN. § 724.064 (Vernon 1998) (result of blood test of specimen taken at the order of a peace officer admissible).[5]

We overrule the first point of error.

### Mens Rea

■ In his second point of error, appellant asserts his motion to quash the indictment should have been granted because the indictment did not allege a culpable mental state. A culpable mental state, however, is not required if the definition of an offense "plainly dispenses with any mental element." TEX. PENAL CODE ANN. § 6.02(b) (Vernon 1994).

Here, the indictment alleged appellant "unlawfully, by accident and mistake when

3. TEX.REV.CIV STAT. ANN. art. 6701l–5, § 3 was the law in effect at the time of the accident. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.11, Tex. Gen. Laws 3704 (effective September 1, 1994). It was repealed and recodified as TEX. TRANSP. CODE ANN. § 724.012(b) (Vernon Pamph. 1998) with no substantive changes. *See* Act of May 12, 1995, 74th Leg., R.S., ch. 165, §§ 1, 24, Tex. Gen. Laws 1821, 1871.

4. The victim spent two months in intensive care before recovering from his injuries.

5. Appellant relies on *Escamilla, Smith v. State,* 557 S.W.2d 299 (Tex.Crim.App.1977), *Davis v.*

*State,* 831 S.W.2d 426 (Tex.App.—Austin 1992, pet. ref'd), and *McBride v. State,* 840 S.W.2d 111 (Tex.App.—Austin 1992, pet. ref'd), all of which held that taking a blood sample without a search warrant was unconstitutional. These cases, however, are distinguishable because none involved a blood sample taken to preserve the blood alcohol content of the defendant; the samples were taken only to identify the defendants. *Escamilla,* 556 S.W.2d at 797 (burglary defendant); *Smith,* 557 S.W.2d at 301 (murder defendant); *Davis,* 831 S.W.2d at 440 (capital murder defendant); *McBride,* 840 S.W.2d at 113 (sexual assault defendant).

operating a motor vehicle in a public place while intoxicated, and by reason of that intoxication, cause[d] serious bodily injury to [complainant] by driving his motor vehicle into and causing it to collide with a guardrail." A person commits intoxication assault "if the person, by accident or mistake, while operating an aircraft, watercraft, or motor vehicle in a public place while intoxicated, by reason of that intoxication causes serious injury to another." TEX. PENAL CODE ANN. § 49.07 (Vernon 1994). We hold that the language "by accident and mistake" plainly dispenses with any mental element. *See* TEX. PENAL CODE ANN. § 6.02(b); TEX. PENAL CODE ANN. § 49.11 (Vernon Supp.1998) (effective September 1, 1995) ("Notwithstanding Section 6.02(b), proof of a culpable mental state is not required for conviction of an offense under this chapter."); *see also Ex parte Ross,* 522 S.W.2d 214, 217 (Tex.Crim. App.1975) (criminal or unlawful intent not essential element of driving while intoxicated); *see also Chunn v. State,* 923 S.W.2d 728, 729 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd) (relying on section 49.11 to conclude no culpable mental state required for a DWI).

We overrule the second point of error.

We affirm the judgment.