Criminal Case Template








COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JESUS OROCIO TORRES,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00159-CR

Appeal from the

Criminal District Court No. Two

of Dallas County, Texas

(TC# F-0132468-I)




MEMORANDUM OPINION

           This is an appeal from a conviction for the offense of intoxication assault. 
Appellant pleaded guilty and the court assessed punishment at five years’ imprisonment
in the Institutional Division of the Texas Department of Criminal Justice. We affirm the
judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           Appellant was charged by indictment for the offense of intoxication assault. This
indictment read in pertinent part:
Torres, Jesus Orocio, defendant, on or about the 18th day of May A.D. 2001
in the County of Dallas and said State, did unlawfully then and there while
operating a motor vehicle in a public place, while intoxicated, in that the
defendant did not have the normal use of his mental and physical faculties
by reason of the intoxication of alcohol into defendant’s body and
defendant had an alcohol concentration of at least 0.08, by accident and
mistake and by reason of that intoxication, did thereby cause serious bodily
injury to BARBARA WILKES, another person, by colliding [sic] said
defendant’s motor vehicle, a deadly weapon, with the motorcycle then
occupied by BARBARA WILKES . . . .

           On November 19, 2002, a hearing was held upon Appellant’s open guilty plea and
the plea was accepted. A sentencing hearing was held on January 9, 2003 and Appellant
was sentenced to five years’ imprisonment. In neither the first nor the second hearing did
Appellant object to the procedures utilized or the unconstitutionality of the statutes
involved either as applied on him or on the face of the statutes.
II. DISCUSSION
           In Appellant’s sole issue, he asserts that Sections 49.07 and 49.11 of the Texas
Penal Code are unconstitutional on their face and as applied to him in that they fail to
comply with Section 6.02(b) of the Penal Code, thereby denying Appellant of his right to
due process, due course of law, and a fair trial in violation of the United States and Texas
Constitutions.
           Texas Penal Code section 6.02 provides in relevant part:
(a) Except as provided in Subsection (b), a person does not commit an
offense unless he intentionally, knowingly, recklessly, or with criminal negligence
engages in conduct as the definition of the offense requires.
 
(b) If the definition of an offense does not prescribe a culpable
mental state, a culpable mental state is nevertheless required unless the
definition plainly dispenses with any mental element.

Tex. Penal Code Ann. § 6.02(a)(b) (Vernon 2003).
           Texas Penal Code section 49.07, intoxication assault, provides in pertinent part:
(a) A person commits an offense if the person, by accident or mistake:
 
(1) while operating an aircraft, watercraft, or amusement ride while
intoxicated, or while operating a motor vehicle in a public place while
intoxicated, by reason of that intoxication causes serious bodily injury to
another; . . . .

           Tex. Penal Code Ann. § 49.07(a)(1) (Vernon 2003).

           Texas Penal Code section 49.11 provides:
 
(a) Notwithstanding Section 6.02(b), proof of a culpable mental state is not
required for conviction of an offense under this chapter.
 
(b) Subsection (a) does not apply to an offense under Section 49.031. 

Tex. Penal Code Ann. § 49.11(a)(b) (Vernon 2003).

           Specifically, Appellant contends that the intoxication assault offense is
unconstitutional as applied to him because that offense is the combination of two
offenses: DWI and aggravated assault. Appellant reasons as aggravated assault does
require a mental state, the State failed to demonstrate the requisite mens rea. Appellant
asserts that the statute is unconstitutional on its face because it does not comply with
Section 6.02 and attempts to circumvent the requirement that language dispensing with
the mental element must be part of the definition of each separate offense. 
           Initially, we must address the State’s contention that Appellant has failed to
preserve his contention that the statute is unconstitutional as applied to him. In order to
review an attack on the constitutionality of a statute “as applied,” the one challenging the
statute must have raised the issue in the trial court. Tex. R. App. P. 33.1(a)(1); Curry v.
State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995). As Appellant did not raise this
contention in the court below, he has waived the issue on appeal.



           Even if we accept Appellant’s claim that Section 49.11 runs afoul of the
requirement of Section 6.02 that a mental state is required unless the definition of the
offense plainly dispenses with any mental element, we find that the offense of
intoxication plainly dispenses with any mental element. As stated, a person commits
intoxication assault if the person, by accident or mistake, while operating an aircraft,
watercraft, or motor vehicle in a public place while intoxicated, by reason of that
intoxication causes serious injury to another. Tex. Penal Code Ann. § 49.07(a)(1)
(Vernon 2003). It is clear that the language “by accident and mistake” plainly dispenses
with any mental element. Stidman v. State, 981 S.W.2d 227, 230 (Tex. App.--Houston
[1st Dist.] 1998, no pet.). Accordingly, Appellant’s issue should be overruled.
 

           Having overruled Appellant’s sole issue on review, we affirm the judgment of the
trial court.
August 12, 2004

                                                                              RICHARD BARAJAS, Chief Justice

Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.

(Do Not Publish)