ACCEPTED
03-14-00602-CR
4397556
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/6/2015 11:15:53 AM
JEFFREY D. KYLE
CLERK

# No. 03-14-00602-CR

In the
Court of Appeals
Third District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

3/6/2015 11:15:53 AM

JEFFREY D. KYLE
Clerk

---

**The State of Texas,**
Appellant

v.

**Anthony James Sanchez,**
Appellee

---

Appeal from the 167th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-13-200502

---

## STATE'S REPLY BRIEF

---

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

# Table of Contents

Index of Authorities......................................................................... ii

Points One and Two...........................................................................1

Point Three ...................................................................................... 2

Point Four .....................................................................................10

Prayer ........................................................................................... 11

Certificate of Compliance and Service................................................12

i

# Index of Authorities

## Cases

*Aliff v. State*, 627 S.W.2d 166 (Tex. Crim. App. 1982) ........................ 3

*Anderson v. State*, 2010 Tex. App. LEXIS 7043 (Tex. App.–Austin 2010, pet. ref'd) (mem. op., not designated for publication) ........... 6

*Aviles v. State*, 385 S.W.3d 110 (Tex. App.—San Antonio 2012, pet ref'd), ...................................................................................... 7

*Blumenstetter v. State*, 135 S.W.3d 234 (Tex. App.–Texarkana 2004, no pet.) ................................................................................. 5

*Burkhalter v. State*, 642 S.W.2d 231, 233 (Tex. App.—Houston [14th Dist.] 1982, no pet.) .................................................................. 3

*Dominguez v. State*, 1999 Tex. App. LEXIS 5972 (Tex. App.–Corpus Christi 1999, pet. ref'd) ............................................................... 4

*Gattis v. State*, 2004 Tex. App. LEXIS 9284 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (not designated for publication) ..................... 5

*Griffith v. Kentucky*, 479 U.S. 314 (1987) ......................................... 9

*Hayes v. State*, 634 S.W.2d 359 (Tex. App.—Amarillo 1982, no pet.) 3

*Pesina v. State*, 676 S.W.2d 122 (Tex. Crim. App. 1984) .................... 3

*Porter v. State*, 2005 Tex. App. LEXIS 10261 (Tex. App.–Fort Worth 2005, no pet.) (mem. op., not designated for publication) ............. 6

*Rubio v. State*, 1999 Tex. App. LEXIS 5968 (Tex. App.–Corpus Christi 1999, pet. ref'd) (not designated for publication) ................ 5

*Skinner v. State*, 2006 Tex. App. LEXIS 4448 (Tex. App.–Tyler 2006, pet. ref'd) (mem. op., not designated for publication) .................... 6

*State v. Laird*, 38 S.W.3d 707 (Tex. App.–Austin 2000, pet. ref'd).... 5

*State v. Villarreal*, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898 (Tex. Crim. App. Nov. 26, 2014) ............................................... 1

*Stidman v. State*, 981 S.W.2d 227 (Tex. App.–Houston [1st Dist.] 1998, no pet.) ....................................................................... 4

*Stovall v. State*, 440 S.W.3d 661 (Tex. App.–Austin 2011, no pet.) .... 7

*United States v. Levy*, 416 F.3d 1273 (11th Cir. 2005) ....................... 8

*Weaver v. State*, 721 S.W.2d 495 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd) ................................................................... 4

## Statutes

Tex. Code Crim. Proc. art. 38.23 ....................................................... 9

ii

**No. 03-14-00602-CR**

In the
Court of Appeals
Third District
Austin, Texas

---

**The State of Texas,**
Appellant

v.

**Anthony James Sanchez,**
Appellee

---

Appeal from the 167th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-13-200502

---

**STATE'S REPLY BRIEF**

---

To the Honorable Third Court of Appeals:

Now comes the State of Texas and files this reply brief.

## Points One and Two

In its original brief, the State informed this court about an adverse opinion from the Court of Criminal Appeals, which directly contradicts the arguments made by the State in Points One and Two. *See State v. Villarreal*, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898 (Tex. Crim. App. Nov. 26, 2014).

1

A motion for rehearing was granted in *Villarreal* on February 25, 2015. *See id.*, 2015 Tex. Crim. App. LEXIS 201. It is possible that the court will issue a different decision upon rehearing, especially since the court was narrowly split 5-4, and three of the judges who joined the majority opinion have recently left the court.

But regardless of the outcome of *Villarreal*, the evidence is still admissible because the federal and Texas exclusionary rules do not apply, as argued in State's Points Three and Four.

## Point Three

In Point Three, the State argued that the Texas exclusionary rule does not apply because the police did not obtain the evidence in violation of the Fourth Amendment because, at the time of the blood draw, Texas case law clearly held that alcohol dissipation alone constituted exigent circumstances in DWI cases.

The defendant counters that Texas precedent *did not hold* that these warrantless blood draws were constitutional. He then factually distinguishes the two cases that the State cited for this proposition (*Aliff* and *Laird*).

The State cited only two cases for brevity's sake. The State now cites to the following list of cases to show that Texas precedent *did hold* that warrantless, nonconsensual blood draws were constitutional because alcohol dissipation alone constituted exigent circumstances:

- *Aliff v. State*, 627 S.W.2d 166, 170 (Tex. Crim. App. 1982) held that the exigency of rapidly dissipating alcohol justified a warrantless blood draw. Any factual distinction made by the defendant is irrelevant to this holding.

- *Pesina v. State*, 676 S.W.2d 122 (Tex. Crim. App. 1984) is an en banc decision that focused on probable cause and not exigent circumstances, but it quoted *Aliff* extensively, including the holding that the exigency of rapidly dissipating alcohol justifies a nonconsensual warrantless blood draw. *Id.* at 126. *Pesina* also quoted *Hayes* and *Burkhalter*:

- *Hayes v. State*, 634 S.W.2d 359, 362 (Tex. App.—Amarillo 1982, no pet.) explained that *Aliff* permitted a warrantless search because of the exigency of rapidly dissipating alcohol.

- *Burkhalter v. State*, 642 S.W.2d 231, 233 (Tex. App.—Houston [14th Dist.] 1982, no pet.) explained that *Aliff* held that the

3

exigency of rapidly dissipating alcohol justified the obtaining of a blood sample without the donor's consent and the obtaining of a blood sample under those circumstances without warrant or consent is not violative of the state and federal constitutions.

- *Weaver v. State*, 721 S.W.2d 495, 497 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd) stated that *Aliff* held that a warrantless blood draw did not violate the Constitution due to the rapid rate at which alcohol diminishes in the blood.

- *Stidman v. State*, 981 S.W.2d 227, 229 (Tex. App.–Houston [1st Dist.] 1998, no pet.) stated that police may compel blood draws to preserve evidence of blood alcohol content.

- *Dominguez v. State*, 1999 Tex. App. LEXIS 5972, at *8 (Tex. App.–Corpus Christi 1999, pet. ref'd) (not designated for publication) stated that the human body's natural elimination of alcohol from the bloodstream creates an immediate need to draw a blood sample and leaves little time to secure a warrant from a magistrate, and it cites to *Aliff* and *Schmerber* in holding that there was no constitutional violation.

4

- *Rubio v. State*, 1999 Tex. App. LEXIS 5968, at *9 (Tex. App.–Corpus Christi 1999, pet. ref'd) (not designated for publication) stated that the danger of the alcohol dissipating from appellant's system provided the exigent circumstances necessary for the DPS to take his blood specimen without consent or warrant, and finding no constitutional violation.

- *State v. Laird*, 38 S.W.3d 707, 713 (Tex. App.–Austin 2000, pet. ref'd) stated that it is a well-settled fact that alcohol in the blood dissipates quickly constitutes exigent circumstances.

- *Blumenstetter v. State*, 135 S.W.3d 234, 243 (Tex. App.–Texarkana 2004, no pet.) stated that exigent circumstances exist because alcohol in blood is quickly consumed and the evidence may be lost forever.

- *Gattis v. State*, 2004 Tex. App. LEXIS 9284, at *12 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (not designated for publication) stated that the fact that alcohol in the blood dissipates quickly constitutes exigent circumstances.

- *Porter v. State*, 2005 Tex. App. LEXIS 10261, at *8 (Tex. App.–Fort Worth 2005, no pet.) (mem. op., not designated for

publication) cited *Aliff* as holding that the taking of a blood sample from a person not under arrest does not violate the Fourth Amendment when officers have probable cause to arrest, exigent circumstances such as the rapid rate at which alcohol dissipates from the blood, and a reasonable method of extraction.

- *Skinner v. State*, 2006 Tex. App. LEXIS 4448, at *4-5 (Tex. App.–Tyler 2006, pet. ref'd) (mem. op., not designated for publication) cited *Aliff* for the holding that taking a blood sample from a person under arrest does not violate the Fourth Amendment when officers have probable cause to arrest because alcohol dissipates from the blood stream at a rapid rate.

- *Anderson v. State*, 2010 Tex. App. LEXIS 7043, at *9-10 (Tex. App.–Austin 2010, pet. ref'd) (mem. op., not designated for publication) cited *Aliff* as holding that, under the Texas Constitution, the warrantless taking of a blood sample is not an unreasonable search and seizure so long as probable cause to arrest exists, the method of extraction is reasonable, and there

6

are exigent circumstances such as the consequences of a delay in taking the blood sample.

- *Stovall v. State*, 440 S.W.3d 661, 669 (Tex. App.–Austin 2011, no pet.) stated that the fact that alcohol dissipates quickly in the blood has been held to constitute exigent circumstances.

Regardless of factual distinctions, these cases make clear that Texas precedent held that warrantless, nonconsensual blood draws were constitutional because alcohol dissipation alone constituted exigent circumstances. *McNeely* changed the law, of course, but the fact remains that the police did not obtain the evidence in violation of the Fourth Amendment based on the law in effect at the time of the blood draw.

The defendant also argues that ruling in the State's favor would be contrary to obvious Supreme Court will, and he bases this assertion on the fact that the Supreme Court remanded a Texas case, which found these types of blood draws constitutional, for reconsideration in light of *McNeely*. *See Aviles v. State*, 385 S.W.3d 110 (Tex. App.— San Antonio 2012, pet ref'd), remand at 134 S. Ct. 902, 187 L.Ed.2d

767 (2014). The defendant reads far too much into a generic remand.

As explained by the Eleventh Circuit,

> Whenever the Supreme Court decides an important issue of law, it routinely takes every case in which the court of appeals decision came out before the new decision was announced and in which the certiorari petitioner claims that new decision might apply, and treats all of those cases the same. The uniform treatment given all such cases is to vacate the court of appeals judgment and remand the case for further consideration in light of the new decision. Those boilerplate orders come out in bushel baskets full. There is no implication in the standard language of those orders that the court of appeals is to do anything except reconsider the case now that there is a new Supreme Court decision that may, or may not, affect the result. We have never felt constrained to read anything into such routine remands other than the direction that we take another look at the case because of the new decision.

*United States v. Levy*, 416 F.3d 1273, 1280 (11th Cir. 2005).

The defendant also argues that ruling in the State's favor would go against the trend of appellate decisions in Texas. But these courts have not addressed the State's argument in Point Three, which is that the Texas exclusionary rule does not apply because the police did not obtain the evidence in violation of the Fourth Amendment. Some of these courts have addressed (and rejected) arguments for a good faith exception to the Texas exclusionary rule, but the State is not arguing

8

for a good faith *exception* here. Rather, the State is arguing that the exclusionary rule *does not apply at all* because the police did not obtain the evidence in violation of the Fourth Amendment.

Finally, the defendant argues that the holding in *McNeely* should be applied retroactively, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (holding that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all pending cases).

But the defendant acknowledges that this does not mean that the exclusionary rule applies as well. Indeed, the Supreme Court has held that the federal exclusionary rule often does not apply, under several good faith exceptions.

It is now up to Texas courts to decide whether the Texas exclusionary rule applies when the law changes after evidence is obtained. This will turn on how the courts interpret the language in the Texas exclusionary rule, codified in Tex. Code Crim. Proc. art. 38.23. Again, the State's argument is that the Texas exclusionary rule does not apply when the law changes after evidence has been obtained because, in such a situation, the evidence was not actually obtained in violation of the law.

## Point Four

In Point Four, the State argued that the federal exclusionary rule does not bar admission of the evidence under a couple of good faith exceptions. The evidence is admissible if the court finds that either one applies.

The defendant counters that the good faith exception for reliance on a statute does not apply because the Transportation Code does not require that the police draw blood without a warrant. The State disagrees. The Transportation Code does mandate warrantless blood draws, as argued on page 6 of the State's original brief. The defendant also argues that the police should have known that these warrantless blood draws were unconstitutional. The State disagrees. The precedent in Texas clearly approved of these warrantless, nonconsensual blood draws, as previously argued.

The defendant also argues that the good faith exception for reliance on binding precedent does not apply because the State has cited only dicta, not binding precedent. Again, the State disagrees. The cases listed above clearly show that there was strong precedent in Texas (before *McNeely*) that held that mandatory warrantless blood

draws were constitutional because dissipation of alcohol alone was an exigent circumstance.

Finally, the defendant argues that there is no good faith exception to the Texas exclusionary rule, but State's Point Four actually addresses the federal exclusionary rule, not the Texas rule. The State addressed the Texas exclusionary rule in Point Three, and it did not argue for a good faith exception to the Texas exclusionary rule. Rather, the State argued that the Texas exclusionary rule does not apply at all because the officer did not obtain the evidence in violation of the Fourth Amendment at the time of the blood draw.

## Prayer

The State asks this Court to sustain its points of error, reverse the trial court's order suppressing the results of the blood analysis, and remand this case to the trial court for further proceedings.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney
Travis County



**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

## Certificate of Compliance and Service

I hereby certify that this brief contains 1,907 words. I further certify that, on the 6th day of March, 2015, a true and correct copy of this brief was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to the Appellee's attorneys, Fernando Cortes, Attorney at Law, 100 N. Santa Rosa, #824, San Antonio, Texas 78207; and Rocio Ramirez, Attorney at Law, 1603 Babcock Road, Suite 159, San Antonio, Texas 78229.

**Angie Creasy**